1  Craig M. White (*Pro Hac Vice* Pending)
   Brent R. Austin (SBN 141938 inactive)
2  Chung-Han Lee (SBN 231950)
   WILDMAN, HARROLD, ALLEN & DIXON, LLP
3  225 West Wacker Drive, Suite 2800
   Chicago, Illinois  60606
4  Telephone: 312-201-2000
   Fax No: 312-201-2555
5
6  Jeffrey L. Fillerup (SBN 120543)
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
7  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
8  Telephone:  415-356-4600
   Fax No:  415-356-4610
9  E-mail: jfillerup@luce.com

ORIGINAL FILED
OCT 17 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PJH

10  Attorneys for Defendant mBlox, Inc.

11              UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA

C 07 5298

| | |
|---|---|
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>mBLOX, INC. a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SANTA CLARA** |

PLEASE TAKE NOTICE that Defendant MBLOX, INC. (hereinafter "mBlox"), pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, hereby removes to this Court the state court action described below.

I.   **INTRODUCTION**

1.  On September 13, 2007, an action was commenced in the Superior Court of the State of California for the County of Santa Clara entitled *Russell Bradberry v. mBlox, Inc.*, Case No. 107-CV-094234. A copy of the Complaint is attached hereto as Exhibit A.

2.  Defendant mBlox, Inc. was served with the Summons and the Complaint on

1                                                                    NOTICE OF REMOVAL

1  September 20, 2007.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by mBlox pursuant to the provisions of 28 U.S.C. § 1441.

4. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441, because mBlox has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d), 1367(a), and 1453.

5. The Superior Court of the State of California for the County of Santa Clara is located within the Northern District of California. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. No previous application has been made for the relief requested herein.

## II. JURISDICTION PURSUANT TO CLASS ACTION FAIRNESS ACT

7. This case is subject to removal pursuant to the recently enacted Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453 ("CAFA").

8. As set forth below, the Complaint alleges a putative class action in which: (1) there are 100 or more members in the plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from some defendants; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

9. **Class Action Consisting Of More Than 100 Members:** In his complaint, Plaintiff purports to represent a class of "all wireless telephone subscribers in the nation who were charged by mBlox for mobile content services." Complaint, ¶ 43(A). In addition, Plaintiff purports to represent a statewide "Sub-Class" "consisting of all members of the Class who entered into subscription contracts within the state of California." Complaint, ¶ 43(B). Plaintiff asserts that "[t]he Classes each consist of thousands of individuals and other entities." Complaint, ¶ 44. Based on these and other allegations, the aggregate number of class members of all proposed

plaintiff classes is obviously greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

10.     **Diversity Of Citizenship:** Plaintiff is a citizen of the State of California. Complaint ¶ 9. mBlox is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California, and therefore, is a citizen of Delaware and California. Although Plaintiff and mBlox are both citizens of California, for purposes of CAFA, all that is needed to meet the diversity of citizenship requirement is that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). This requirement is met because Plaintiff purports to represent a class of "all wireless telephone subscribers in the nation." Complaint, ¶ 43(A).

11.     **The Amount-In-Controversy Requirement:** Plaintiff in this case alleges that mBlox has "systematically, repeatedly and without authorization caused charges to be placed on the cell phone bills of thousands of consumers across the country…and it has profited enormously from its wrongful conduct." Complaint, ¶ 7. Plaintiff alleges in his heading on page 7 of the Complaint that "Defendant Billed and Collected Millions of Dollars in Unauthorized Mobile Content Charges." Plaintiff alleges three separate claims: (1) Restitution/Unjust Enrichment (Count I); (2) Tortious Interference with a Contract (Count II); and (3) Unlawful, Unfair and Deceptive Business Practice in violation of California Business & Professions Code § 17200 (Count III). Based on these allegations, Plaintiff seeks several forms of relief, including: economic, monetary, actual, consequential, compensatory, and exemplary damages, injunctive relief, reasonable costs and attorneys' fees, prejudgment interest, and "such other and further relief as equity and justice may require." Complaint, Prayer for Relief at 13-14. Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). Under this standard, Plaintiff's claim easily meets the jurisdictional threshold. Given the breadth of this proposed nationwide class, the amount sought by each individual need only be modest for the aggregated amount in controversy to exceed $5 million.

12.     Pursuant to 28 U.S.C. § 1446(a), mBlox has attached hereto as Exhibit B copies of

1 | all pleadings, process and orders in the state court action.

13. Pursuant to 28 U.S.C. § 1446(a), mBlox shall promptly file a Notice of Filing of Notice of Removal with the Santa Clara County Superior Court. Likewise, mBlox will promptly serve Plaintiffs' attorneys of record with this Notice of Removal and the Notice of Filing.

### III. SUPPLEMENTAL JURISDICTION

14. There is currently pending before this Court a case entitled *Bradberry v. T-Mobile USA, Inc.*, C-06-6567 ("*Bradberry I*") (a copy of the *Bradberry I* Complaint is attached hereto as Exhibit C). The Court has original jurisdiction over that suit pursuant to CAFA, 28 U.S.C. § 1332(d), and because it involves a federal question (violation of 47 U.S.C. § 201). The allegations of the instant Complaint and the *Bradberry I* Complaint arise from the same common nucleus of operative facts and are substantially identical. For example, the facts relating to the named Plaintiff are almost mirror images of one another. Complaint, ¶¶ 21-32; *Bradberry I* Complaint, ¶¶ 8-16; 23-24. Similarly, the facts describing the nature of the case and relating to recycled "dirty numbers" are essentially the same. Complaint, ¶¶ 1-2; *Bradberry I* Complaint, ¶¶ 1-2. A Motion to Consolidate the two actions will be filed with Judge Wilken (who is presiding over the *Bradberry I* case) shortly after the filing of this Notice of Removal.

15. 28 U.S.C. § 1367 (a) provides that in any civil action of which the district court has original jurisdiction – such as *Bradberry I* – the court shall have supplemental jurisdiction over all other claims that are so related that they form part of "the same case or controversy" and do not fall within any of the circumstances under which district courts may decline to exercise supplement jurisdiction. *See* 28 U.S.C. § 1367 (a)-(c). Supplemental jurisdiction extends to claims involving the joinder or intervention of additional parties, therefore making no distinction between pendent claim and pendent party cases. *Id.*; *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 559 (2005). The Supreme Court has further clarified that Section 1367(a) confers supplemental jurisdiction over claims that do not independently satisfy the amount-in-controversy requirement, if the claims are part of the same case or controversy. *Exxon Mobil*, 545 U.S. at 559. A class action may be removed to a district court without regard to whether any defendant is a citizen of the state in which the action is brought; i.e., there is no requirement for "complete

diversity." 28 U.S.C. § 1453(b).

16. In light of the foregoing, 28 U.S.C. § 1367 provides a distinct and independent basis for this Court's jurisdiction that is in addition to original jurisdiction under CAFA.

WHEREFORE, Defendant mBlox respectfully requests that this entire Action proceed before this Court as an action properly removed.

DATED: October 17, 2007

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Jeffrey L. Fillerup
Attorneys for Defendant mBlox, Inc.

301019141.1