| | |
|---|---|
| 1 | Craig M. White (*Pro Hac Vice* pending) |
| | Brent R. Austin (SBN 141938 inactive) |
| 2 | Chung-Han Lee (SBN 231950) |
| | WILDMAN, HARROLD, ALLEN & DIXON, LLP |
| 3 | 225 West Wacker Drive, Suite 2800 |
| | Chicago, Illinois  60606 |
| 4 | Telephone: (312) 201-2000 |
| | Facsimile: (312) 201-2555 |

Jeffrey L. Fillerup (SBN 120543)
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone:  (415) 356-4600
Fax No:  (415) 356-4610
E-mail:  jfillerup@luce.com

Attorneys for Defendant MBLOX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>vs.<br><br>T-MOBILE USA, INC., a Delaware corporation<br><br>    Defendant. | Case No. C-06-6567 (CW)<br><br>**DEFENDANT MBLOX'S NOTICE OF MOTION AND MOTION FOR JOINDER, OR IN THE ALTERNATIVE, TO CONSOLIDATE CASES; MEMORANDUM IN SUPPORT THEREOF**<br><br>Judge:    The Honorable Claudia Wilken<br>Date:    November 29, 2007<br>Time:    2:00 p.m.<br>Courtroom:    2, 4th Floor |
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>vs.<br><br>MBLOX, INC., a Delaware corporation,<br><br>    Defendant. | Case No. C-07-5298 (PJH) |

1

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 29, 2007, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Claudia Wilkens of the above-entitled Court, located in Courtroom 2, Fourth Floor, 1301 Clay Street, Suite 400 S, Oakland, CA 94612-5212, Defendant MBLOX, INC. (hereinafter "mBlox") in the case entitled *Bradberry v. mBlox, Inc.*, C-07-5298 (PJH) (hereinafter "*Bradberry II*"), will respectfully move this Court, pursuant to Rules 20 and 42(a) of the Federal Rules of Civil Procedure, for an order joining, or in the alternative, consolidating the *Bradberry II* action with the action currently pending in this Court entitled *Bradberry v. T-Mobile USA, Inc.*, C-06-6567 (CW) (hereinafter "*Bradberry I*").

This motion for joinder or to consolidate is based on the grounds that the two cases involve the same transaction, occurrence or series of transactions or occurrences and also involve common questions of law and fact, and joining or consolidating the two cases would be in the interest of judicial efficiency, and would not cause delay, confusion or prejudice to any party. This motion is based on this Notice of Motion and Motion to Consolidate, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Chung-Han Lee and the attached exhibits thereto, and all pleadings, papers and records presently on file in both *Bradberry I* and *Bradberry II*.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Rules 20 and 42(a) of the Federal Rules of Civil Procedure, Defendant mBlox hereby respectfully requests that this Court consolidate the *Bradberry II* matter with the action currently pending in this Court entitled *Bradberry v. T-Mobile USA, Inc.*, C-06-6567 (CW). In support of this motion, mBlox states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 13, 2007, Plaintiff RUSSELL BRADBERRY (hereinafter "Bradberry") filed the *Bradberry II* action in the Superior Court of the State of California for the County of Santa Clara. A copy of the state court complaint is attached as Exhibit A to the Declaration of Chung-Han Lee. On October 17, 2007, Defendant mBlox timely removed the above-captioned action to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. This case is subject to removal and properly before this

1  Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453 as
2  well as 28 U.S.C. § 1367(a). The removed case was assigned to the Honorable Phyllis J. Hamilton and
3  was captioned *Bradberry v. mBlox, Inc.*, C-07-5298 (PJH) ("*Bradberry II*"). A copy of the Notice of
4  Removal (without exhibits) is attached as Exhibit B to the Declaration of Chung-Han Lee.

However, already pending before this Court at the time of the removal was Plaintiff Bradberry's similar action against T-Mobile entitled *Bradberry v. T-Mobile USA, Inc.*, C-06-6567 (CW) ("*Bradberry I*"). *Bradberry I* was filed in this Court on October 20, 2006, and an amended complaint was filed on February 23, 2007. A copy of the original *Bradberry I* complaint is attached as Exhibit C to the Declaration of Chung-Han Lee.

Both the *Bradberry I* and the *Bradberry II* complaints involve the same Plaintiff and allege claims against T-Mobile and mBlox that arise out of the same transaction, occurrence, or series of transactions or occurrences. Specifically, the underlying facts and the underlying bases for Plaintiff's claims against T-Mobile and mBlox in both cases involve the exact same series of transactions or occurrences as follows:

(1) On November 2, 2005, Plaintiff visited the store of an authorized T-Mobile sales representative located in Visalia, California to purchase new cell phone service for his personal use. *Bradberry I*, ¶ 8; *Bradberry II*, ¶ 21.

(2) On that same day, in exchange for a T-Mobile cell phone plan of 600 "anytime" minutes, Plaintiff agreed to pay T-Mobile $39.99 each month for a period of 12 months. (A copy of T-Mobile's Service Agreement with Plaintiff is attached hereto as Exhibit A). *Bradberry I*, ¶ 9; *Bradberry II*, ¶ 22.

(3) Upon execution of his Service Agreement and activation of his cellular telephone account, T-Mobile provided Plaintiff a cellular phone number or "GSM #" (that is, a Global System for Mobile Communications number) of "tmo+619446----" *Bradberry I*, ¶ 10 (the *Bradberry I* version contained the entire number); *Bradberry II*, ¶ 24.

(4) Unbeknownst to Plaintiff, T-Mobile provided him with a recycled "dirty" phone number – one saddled with preexisting obligations, encumbrances and billing arrangements for products and services authorized to be purchased, if at all, by the previous owner(s) and/or user(s) of that number. *Bradberry I*, ¶ 11; *Bradberry II*, ¶ 25.

(5) Thus, beginning on or about November 2, 2005 – the same day Plaintiff obtained his cell phone number and started receiving service from T-Mobile – and continuing through at least April 28, 2006, Plaintiff's cell phone received multiple unwanted "premium" text message calls on a near daily basis from a company called Cellfish Media, LLC f/d/b/a

3

Lagardere Active North American, Inc. ("Cellfish"), a third-party seller of cellular ringtone products and services. "Premium" text messages are apparently those that include various forms of software, such as ringtones. *Bradberry I*, ¶ 12; *Bradberry II*, ¶ 26.

(6) Throughout the relevant period, Plaintiff received dozens of messages. *Bradberry I*, ¶ 13; *Bradberry II*, ¶ 27.

(7) At no time did Plaintiff authorize the purchase of said products and services offered by Cellfish and at no time did Plaintiff consent to Cellfish's sending of text messages to his telephone number. *Bradberry I*, ¶ 14; *Bradberry II*, ¶ 28.

(8) Throughout the relevant time period, T-Mobile billed Plaintiff for "premium" text messaging charges of $.50 for each of the incoming "premium" text messages Defendant sent to Plaintiff, in addition to T-Mobile's standard charge of $.05 per each incoming text message. *Bradberry I*, ¶ 15; *Bradberry II*, ¶ 29.

(9) At no time did Plaintiff authorize T-Mobile to bill him for said charges. *Bradberry I*, ¶ 16; *Bradberry II*, ¶ 30.

(10) The purported authorization to be billed for such charges was obtained from an unidentified person with the same "GSM #" eventually assigned by T-Mobile to Plaintiff ("tmo+6194468xxx"); however, the authorization for the subject charges was obtained on July 13, 2005 – a date more than three months prior to the time that Plaintiff signed his Service Agreement with T-Mobile, obtained that same cell phone number from T-Mobile, or started receiving T-Mobile service. *Bradberry I*, ¶ 23; *Bradberry II*, ¶ 31 (slight wording differences).

(11) Plaintiff could not possibly have authorized the charges for which he was being billed. He did not have any account with T-Mobile at that time. Indeed, from May 2005 until October 2005, Plaintiff was out of the country in the Persian Gulf serving in the United States Navy aboard the U.S.S. Nimitz, without access to a working cellular phone. *Bradberry I*, ¶ 24; *Bradberry II*, ¶ 32 (slight wording differences).

These identical statements in both the *Bradberry I* and *Bradberry II* complaints alleging the same series of transactions or occurrences warrant joinder or consolidation of these actions.

## ARGUMENT

I. ***Bradberry I* and *Bradberry II* Should Be Joined Because the Claims in Both Arise Out of the Same Series of Transaction or Occurrences.**

Rule 20 of the Federal Rules of Civil Procedure provides, *inter alia*:

All persons…may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

4

FED. R. CIV. P. 20(a). The joinder rule is to be construed liberally in order to promote trial convenience and to expedite final determination of disputes, thereby preventing multiple lawsuits. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). As the U.S. Supreme Court directed: "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; ***joinder of claims, parties and remedies is strongly encouraged***." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) (emphasis added).

Rule 20(a) imposes two specific requirements for the permissive joinder of parties: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980). The cases mBlox seeks to join here meet both of these requirements.

First, the "same transaction, occurrence or series of transactions or occurrences" is broadly construed. "It is sufficient if there is a logical relationship between the claims joined." *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980). Here, the claims in the two cases go beyond merely "a logical relationship" as both cases involve a common nucleus of operative facts. In fact, the underlying series of transactions or occurrences *are exactly the same* in both the claims against T-Mobile and the claims against mBlox. Specifically, Plaintiff alleges that wireless carriers (such as T-Mobile) "recycle dirty cellular telephone numbers" in which the carriers provide telephone "numbers that were previously owned and/or used by other persons or entities" and are "encumbered with pre-existing billing obligations for products and services authorized to be purchased, if at all, by the previous owners and/or users of those numbers." *Bradberry I*, ¶ 1; *Bradberry II*, ¶ 5. Plaintiff alleges that this practice has resulted in wireless carriers (like T-Mobile) and content aggregators (like mBlox) systematically, repeatedly and without authorization causing charges to be placed on the cell phone bills of thousands of consumers across the country for content that was never authorized to be purchased by the current owners of the affected phone numbers. *Bradberry I*, ¶ 2; *Bradberry II*, ¶ 7. These allegedly unauthorized charges by wireless carriers and content aggregators is the wrongful conduct that Plaintiff seeks to remedy in both of these actions. In terms of the events that

are alleged to have occurred and how both the class Plaintiffs and the named Plaintiff have been affected, the two complaints are mirror images of each other. In fact, the allegations in *Bradberry II* relating to the named Plaintiff are almost taken *verbatim* from the corresponding allegations in *Bradberry I*. *Bradberry II*, ¶¶ 21-32; *Bradberry I*, ¶¶ 8-16; 23-24.

Second, the *Bradberry I* and *Bradberry II* actions involve common questions of law and fact. As described above, the underlying factual issues are exactly the same in both cases. Moreover, both actions involve common legal issues as both cases are putative class actions brought by the same named Plaintiff, Russell Bradberry, with the putative classes and subclasses proposed in each complaint strongly paralleling one another:

| *Bradberry I* | *Bradberry II* |
|---|---|
| Class: [A]ll T-Mobile wireless telephone subscribers who received a telephone number from T-Mobile and suffered losses or damages as a result of T-Mobile billing for products and services not authorized by the owner of the number, but, rather, if at all, by a prior owner or user of the number. *Bradberry I* ¶ 44. | Class: [A]ll wireless telephone subscribers in the nation who were charged by mBlox for mobile content services not authorized by the existing owner of the telephone number, but, rather, if at all by a prior owner or user of the number. *Bradberry II* ¶ 43A. |
| Subclass: [A]ll members of the Class who entered into subscription contracts within the state of California. *Bradberry I* ¶ 45. | Subclass: [A]ll members of the Class who entered into subscription contracts within the state of California. *Bradberry II* ¶ 44B. |

In addition, both actions involve a claim for Unlawful, Unfair and Deceptive Business Practice in violation of the California Business & Professions Code § 17200 *et seq.* based on the alleged wrongful conduct by T-Mobile and mBlox. Thus, the second requirement of a common question law or fact is easily met.

Given the identical factual allegations and legal claims contained in both complaints, joinder of these two cases is not only appropriate, but essential. Therefore, the Court should grant this motion and join the *Bradberry I* and *Bradberry II* actions pursuant to Rule 20(a) of the Federal Rules of Civil Procedure.

//

//

II. **Alternatively, *Bradberry I* and *Bradberry II* Should Be Consolidated.**

Should the Court decide against joinder of the *Bradberry I* and *Bradberry II* actions, mBlox alternatively requests that the Court consolidate the two actions. Rule 42(a) of the Federal Rules of Civil Procedure provides that "[w]hen actions involving a common question of law or fact are pending before the court…it may order all the actions consolidated." This Court has broad discretion under Rule 42 to consolidate cases pending in the same district. *Investors Research Co. v. United States Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, the Court should weigh the saving of time and effort consolidation would produce against any inconvenience, delay or expense that it would cause. *Heune v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Southwest Marine, Inc. v. Triple A Mach. Shop., Inc.*, 720 F. Supp. 805 (N.D. Cal. 1989).

As discussed in detail above, the factual allegations and legal claims in both cases share common aspects of law and fact. mBlox will not repeat those similarities here.

Instead, mBlox will focus on the factors weighing in favor of consolidation. First, consolidating the two cases will avoid duplication of evidence and procedures between the cases as well as the risk of inconsistent adjudications. In particular, consolidating the two cases will result in efficiencies in the conduct of discovery relating to the putative class representative (Plaintiff Bradberry), the two defendants (T-Mobile and mBlox) as well as third parties in both *Bradberry I* and *Bradberry II*, who were allegedly involved in the unauthorized SMS text messages that form the gravamen of both complaints. Maintaining two separate proceedings is highly likely to require plaintiffs and defendants (as named or third parties in one or the other proceeding) to give duplicative discovery responses or testimony. Further, consolidation will result in efficiencies in resolving legal and factual issues throughout the proceedings, including relating to whether *Bradberry I* and *Bradberry II* are properly maintained as class actions. The modest differences in factual and legal issues between the two cases are outweighed by the risk of inconsistent adjudications, which may go to such central issues as consent to receive allegedly unauthorized content, defendants' intent, and allocation of damages, if any, of individual class plaintiffs.

//

1  Second, neither Plaintiff nor T-Mobile will be prejudiced by consolidation. Consolidation of these two actions is appropriate because *Bradberry I* is still in the relatively early stages of the case with Defendant T-Mobile only having recently answered the Amended Complaint on September 6, 2007. Moreover, Plaintiff Bradberry has not yet filed his Motion for Class Certification in *Bradberry I*.[1] consolidation will not result in delay

Third, Plaintiff will not be inconvenienced or unfairly prejudiced in any way by consolidation. In fact, because Plaintiff's counsel are the same for both *Bradberry I* and *Bradberry II*, consolidating the two cases should make it more convenient for Plaintiff's counsel as they will have a single calendar and set of procedures for these two common cases. Further, it will be more convenient for the named Plaintiff to appear only once for his deposition in both *Bradberry I* and *Bradberry II* rather than being subjected to two (or more) substantially similar and duplicative depositions.

Thus, because of the common questions of law and fact and because all factors weigh in favor of consolidation, this Court should grant this motion (if it denies the motion to join) and consolidate the *Bradberry I* and *Bradberry II* actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

//
//
//
//
//
//
//
//
//
//
//
//

---

[1] Defendant mBlox respectfully requests that the Court take judicial notice of the pleadings in *Bradberry I*.

**CONCLUSION**

For the reasons set forth above, defendant mBlox respectfully requests that the Court grant this motion and join the *Bradberry v. mBlox, Inc.*, C-07-5298 (PJH) action with the action entitled *Bradberry v. T-Mobile USA, Inc.*, C-06-6567 (CW) pursuant to Rule 20(a) of the Federal Rules of Civil Procedure. Alternatively, mBlox respectfully requests that the actions be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: October 17, 2007

WILDMAN, HARROLD, ALLEN & DIXON LLP

By: ___/s/ *Chung-Han Lee*___
        Chung-Han Lee

Craig M. White (Pro Hac Vice pending)
Brent R. Austin (SBN 141938 inactive)
Chung-Han Lee (SBN 231950)
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

Jeffrey L. Fillerup (SBN 120543)
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone: 415-356-4600
Fax No: 415-356-4610
E-mail: jfillerup@luce.com

Attorneys for Defendant MBLOX, INC.