Craig M. White (*Pro Hac Vice* pending)
Brent R. Austin (SBN 141938 inactive)
Chung-Han Lee (SBN 231950)
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

Jeffrey L. Fillerup (SBN 120543)
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone: (415) 356-4600
Fax No: (415) 356-4610
E-mail: jfillerup@luce.com

Attorneys for Defendant MBLOX, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>　　Plaintiff,<br><br>vs.<br><br>T-MOBILE USA, INC., a Delaware corporation<br><br>　　Defendant. | Case No. C-06-6567 (CW)<br><br>**DEFENDANT MBLOX, INC.'S RESPONSE IN SUPPORT OF RELATING CASES** |
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>　　Plaintiff,<br><br>vs.<br><br>MBLOX, INC., a Delaware corporation,<br><br>　　Defendant. | Case No. C-07-5298 (PJH) |

Defendant MBLOX, INC. ("mBlox") in the case captioned *Bradberry v. mBlox, Inc.*, C-07-5298 (PJH) (hereinafter "*Bradberry II*"), hereby submits the following response to the Court's October 29, 2007 Amended Order for Purpose of Determining Relationship of Cases pursuant to Civil Local Rule 3-12 in support of relating the two above-captioned cases:

Civil Local Rule 3-12(a) states that an action is related to another when:

(1) The actions concern substantially the same parties, property, transaction, or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

As previously articulated in mBlox's Motion for Joinder, or in the Alternative, to Consolidate Cases, which mBlox specifically incorporates herein by reference, both the *Bradberry II* and the *Bradberry I* actions concern substantially the same parties, property, transactions and events and also involve common questions of law and fact.

Both the *Bradberry I* and the *Bradberry II* complaints involve the same Plaintiff and allege claims against T-Mobile and mBlox that arise out of the same transaction, occurrence, or series of transactions or occurrences. Specifically, the underlying facts and the underlying bases for Plaintiff's claims against both T-Mobile and mBlox in the two cases involve the exact same series of transactions or occurrences as follows:

(1) On November 2, 2005, Plaintiff visited the store of an authorized T-Mobile sales representative located in Visalia, California to purchase new cell phone service for his personal use. *Bradberry I*, ¶ 8; *Bradberry II*, ¶ 21.

(2) On that same day, in exchange for a T-Mobile cell phone plan of 600 "anytime" minutes, Plaintiff agreed to pay T-Mobile $39.99 each month for a period of 12 months. (A copy of T-Mobile's Service Agreement with Plaintiff is attached hereto as Exhibit A). *Bradberry I*, ¶ 9; *Bradberry II*, ¶ 22.

(3) Upon execution of his Service Agreement and activation of his cellular telephone account, T-Mobile provided Plaintiff a cellular phone number or "GSM #" (that is, a Global System for Mobile Communications number) of "tmo+619446----" *Bradberry I*, ¶ 10 (the *Bradberry I* version contained the entire number); *Bradberry II*, ¶ 24.

(4) Unbeknownst to Plaintiff, T-Mobile provided him with a recycled "dirty" phone number – one saddled with preexisting obligations, encumbrances and billing arrangements for products and services authorized to be purchased, if at all, by the previous owner(s) and/or user(s) of that number. *Bradberry I*, ¶ 11; *Bradberry II*, ¶ 25.

(5) Thus, beginning on or about November 2, 2005 – the same day Plaintiff obtained his cell phone number and started receiving service from T-Mobile – and continuing through at least April 28, 2006, Plaintiff's cell phone received multiple unwanted "premium" text message calls on a near daily basis from a company called Cellfish Media, LLC f/d/b/a Lagardere Active North American, Inc. ("Cellfish"), a third-party seller of cellular ringtone products and services. "Premium" text messages are apparently those that include various forms of software, such as ringtones. *Bradberry I*, ¶ 12; *Bradberry II*, ¶ 26.

(6) Throughout the relevant period, Plaintiff received dozens of messages. *Bradberry I*, ¶ 13; *Bradberry II*, ¶ 27.

(7) At no time did Plaintiff authorize the purchase of said products and services offered by Cellfish and at no time did Plaintiff consent to Cellfish's sending of text messages to his telephone number. *Bradberry I*, ¶ 14; *Bradberry II*, ¶ 28.

(8) Throughout the relevant time period, T-Mobile billed Plaintiff for "premium" text messaging charges of $.50 for each of the incoming "premium" text messages Defendant sent to Plaintiff, in addition to T-Mobile's standard charge of $.05 per each incoming text message. *Bradberry I*, ¶ 15; *Bradberry II*, ¶ 29.

(9) At no time did Plaintiff authorize T-Mobile to bill him for said charges. *Bradberry I*, ¶ 16; *Bradberry II*, ¶ 30.

(10) The purported authorization to be billed for such charges was obtained from an unidentified person with the same "GSM #" eventually assigned by T-Mobile to Plaintiff ("tmo+6194468xxx"); however, the authorization for the subject charges was obtained on July 13, 2005 – a date more than three months prior to the time that Plaintiff signed his Service Agreement with T-Mobile, obtained that same cell phone number from T-Mobile, or started receiving T-Mobile service. *Bradberry I*, ¶ 23; *Bradberry II*, ¶ 31 (slight wording differences).

(11) Plaintiff could not possibly have authorized the charges for which he was being billed. He did not have any account with T-Mobile at that time. Indeed, from May 2005 until October 2005, Plaintiff was out of the country in the Persian Gulf serving in the United States Navy aboard the U.S.S. Nimitz, without access to a working cellular phone. *Bradberry I*, ¶ 24; *Bradberry II*, ¶ 32 (slight wording differences).

These identical statements in both the *Bradberry I* and *Bradberry II* complaints alleging the same series of transactions or occurrences establish that the actions concern substantially the same parties, property, transaction or event, and support relating these two cases.

In addition, relating the *Bradberry I* and *Bradberry II* actions is warranted because the cases involve common questions of law. Both actions involve common legal issues as both cases are putative

3

class actions brought by the same named Plaintiff, Russell Bradberry, with the putative classes and subclasses proposed in each complaint strongly paralleling one another.

Finally, relating the two cases is warranted because there will likely be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. Having both cases heard by the same Judge will avoid duplication of evidence and procedures between the cases as well as the risk of inconsistent adjudications. In particular, relating the cases will result in efficiencies in the conduct of discovery relating to the putative class representative (Plaintiff Bradberry), the two defendants (T-Mobile and mBlox) as well as third parties who were allegedly involved in the unauthorized SMS text messages that form the gravamen of both complaints. Having the two cases proceed before two separate judges with two different scheduling orders is highly likely to require plaintiffs and defendants (as named or third parties in one or the other proceeding) to give duplicative discovery responses or testimony. There will certainly be a duplication of labor and expenses if the named Plaintiff in both actions appears for his deposition in both *Bradberry I* and *Bradberry II* and is subjected to two (or more) substantially similar and duplicative depositions. Moreover, because the Plaintiff and Plaintiff's counsel are the same for both *Bradberry I* and *Bradberry II*, relating the two cases should make it more convenient for Plaintiff's counsel as they will have a single Judge who is familiar with the underlying facts and issues common to the two cases, and will not require that both Plaintiff's counsel and Defendants' counsel educate two different judges on the same factual and legal issues.

The *Bradberry I* and *Bradberry II* actions squarely fall within the definition of related cases under Civil Local Rule 3-12(a). For that reason, Defendant mBlox respectfully request that the Court related these above-captioned two cases.

|   |   |
|---|---|
| | Respectfully submitted, |
| Dated: November 2, 2007 | WILDMAN, HARROLD, ALLEN & DIXON LLP |

By:  /s/ *Chung-Han Lee*
      Chung-Han Lee

Craig M. White (Pro Hac Vice pending)
Brent R. Austin (SBN 141938 inactive)
Chung-Han Lee (SBN 231950)
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

Jeffrey L. Fillerup (SBN 120543)
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone: 415-356-4600
Fax No: 415-356-4610
E-mail: jfillerup@luce.com

Attorneys for Defendant MBLOX, INC.