1  TERRY M. GORDON - SBN 75604
   LAW OFFICES OF TERRY M. GORDON
2  Three Harbor Drive, Suite 215
   Sausalito, California 94965
3  Telephone:    (415) 331-3601
   Facsimile:    (415) 331-1225
4

5  JOHN G. JACOBS (PENDING *PRO HAC VICE*)
   BRYAN G. KOLTON (PENDING *PRO HAC VICE*)
   THE JACOBS LAW FIRM, CHTD.
6  122 South Michigan Avenue
   Suite 1850
7  Chicago, Illinois 60603
   Telephone: (312) 427-4000
8  Facsimile: (312) 427-1850

9  JAY EDELSON ( PENDING *PRO HAC VICE*)
   MYLES MCGUIRE (PENDING *PRO HAC VICE*)
10 KAMBEREDLESON, LLC
   53 West Jackson Boulevard
11 Suite 1530
   Chicago, Illinois 60604
12 Telephone: (312) 589-6370
   Facsimile: (312) 873-4610
13
   ATTORNEYS FOR PLAINTIFF
14

15                UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17

18 | RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals, | ) Case No.C-07-5298 PJH
19 | | )
   | | ) **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND**
20 | Plaintiff, | )
21 | v. | ) Hearing Date: December 19, 2007
   | | ) Time:           9:00 a.m.
22 | MBLOX, INC., a Delaware corporation, | ) Dept.:          Crtrm. 3, 17th Flr.
23 | Defendant. | ) The Honorable Phyllis J. Hamilton
24 | | ) **CLASS ACTION**

25
26
27
28
              **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
                          **Case No. C-07-5298 PJH**

## I. INTRODUCTION

Defendant mBlox, Inc. ("mBlox") has asserted two bases for removal: (a) CAFA jurisdiction (Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453), and (b) supplemental jurisdiction under 28 U.S.C. § 1367(a). Neither basis can be sustained. mBlox utterly fails to sustain its burden of showing that damages of $5,000,000 are involved in this case, and, for that reason, removal under CAFA is not permissible. Similarly, its' suggestion that supplemental jurisdiction can be sustained under 28 USC § 1367(a) because this case is "related" to an existing action (*Bradberry v. T-Mobile*) is not even arguably tenable – clearly established law simply does not allow it.

## II. FACTS

Plaintiff Russell Bradberry brings the underlying putative class action lawsuit to redress a practice known in the industry as the recycling of "dirty" cellular phone numbers. Stripped of the industry jargon, the practice of "recycling" "dirty" cellular telephone numbers is easy to understand. Cell phone customers are assigned unique phone numbers, just like with traditional land-line phones. However, unlike traditional phones, people can use cell phones to pay for certain services, like, for example, "ring tones[1]" and subscriptions for horoscopes or stock tips sent daily to customers' cell phones. These services generally renew automatically each month and the resulting charges are included on the customer's cell phone bill.

Bradberry's claims flow from what happens when phone carriers reissue (or "recycle") a number previously assigned to one of its customers that has been abandoned. The carriers, working in concert with billing agents such as defendant mBlox, Inc. continue to charge the new customer for subscriptions purchased by the old customers.

Plaintiff brings suits on behalf of a nationwide class and a California sub-class and alleges that each putative class consists of "thousands of members."

---

[1] A ringtone is simply the sound made by a telephone to indicate an incoming call. The term is most often used to refer to the customizable sounds available on mobile phones.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**Case Nos. C-06-6567 CW; C-07-5298 PJH**

- 2 -

## III. ARGUMENT

### A. Preliminary Word Concerning Defendant's Burden

The removal statutes are construed restrictively in this Circuit and there is a strong presumption *against* removal:

> The removal statutes are construed restrictively, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 312 U.S. 100, 108-09 (1941); *Hofler v. Aetan U.S. Healthcare,* 296 F.3d 764, 767 (9th Cir. 2002). There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability are resolved in favor of remanding the case to state court. *Matheson v. Progessive Specialty Ins. Co.,* 319 F.3rd 1089, 1090 (9th Cir. 2003).

*Havel v. SunAmerica Securities, Inc.,* 2006 WL 2917591, *1 (N.D.Cal. 2006).

### B. Removal Was Improper Because mBlox Failed To Show CAFA Jurisdiction

Under CAFA, putting aside certain exceptions that are not applicable, district courts have jurisdiction over actions "in which, *inter alia*, the amount in controversy exceeds $5,000,000, exclusive of interest and costs," there are at least 100 members of the putative class, and at least one member of the putative class is a citizen of a state different from the defendant.

It is well established that "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *See, e.g., Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curium); *accord Blockbuster v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006); *Morgan v. Gay*, 471 F.3d at 473 (3d Cir. 2006); *Evans v. Walter Indus. Inc.*, 449 F.3d 1159 (11th Cir. 2006). Defendant must satisfy its burden by "a preponderance of the evidence." *Abrego*, 443 F.3d at 683.

mBlox has failed in its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. The entirety of mBlox's argument on this point consists of one paragraph of its removal papers, specifically that:

- "thousands of consumers" are alleged to have been affected by its unlawful conduct;
- mBlox is alleged to have "profited enormously" from its misconduct;

- • in a heading (but not in an allegation), plaintiff states that mBlox "billed and collected millions of dollars" in illegal charges.

*See*, Notice Of Removal at p. 3, lines 11-16.

From those two allegations and one heading, mBlox argues that "given the breadth of this proposed nationwide class, the amount sought by each individual need only be modest for the aggregated amount in controversy to exceed $5 million." *Id.* at 3, lines 25-27. As such it concludes that "Plaintiff's claim easily meets the jurisdictional threshold."

The gaping, fatal, flaw in this argument is that it does not follow that there is $5,000,000 at issue simply because there are thousands of class members spread throughout the country. If that argument were sound, there would be CAFA jurisdiction in almost every nationwide class action. But it surely is not sound in this case. Indeed, even if there were 5,000 class members, that would mean that the average class member would need to have suffered $1,000 in damages in order to reach the jurisdictional amount. But Bradberry's allegations would not support an inference of even $100 in damages,[2] and there is no reason to believe that he is in any way atypical. mBlox's position is no more than speculation. mBlox could have submitted sworn testimony as to the amounts of relevant charges each of the class members sustained, but it pointedly chose not to do so.

To the extent mBlox attempts to avoid its burden by relying upon the heading concerning "millions of dollars," this avails it nothing. Two million dollars qualifies as "millions," as does three million as does four million. But none of those amounts satisfies the jurisdictional minimum. The fact is that we simply do not know at this point, and mBlox has not made any evidentiary showing, the extent of the damage mBlox has inflicted. mBlox attempts to obtain removal while dancing around the necessary demonstration of

---

[2] Paragraph 27 of the removed complaint alleges that Plaintiff received "dozens of such [unauthorized] messages." Paragraph 29 alleges that he was charged $0.50 for each of the incoming premium text messages in addition to the standard charge of $0.05 per incoming text message.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**Case Nos. C-06-6567 CW; C-07-5298 PJH**

- 4 -

jurisdictional minimum damages.  Having chosen to avoid that jurisdictional concession, mBlox has failed to meet its burden, and removal was plainly improper

### C.  Removal Cannot Be Sustained On The Basis of Supplemental Jurisdiction

mBlox claims that this lawsuit is related to an existing federal court action (*Bradberry v. T-Mobile)*, and therefore removal was proper because, mBlox says, this Court may consolidate the two cases and exercise supplemental jurisdiction over the mBlox suit.  This argument attempts to turn 28 U.S.C.§ 1367(a) into an independent source of removal jurisdiction.  But the cases and commentators plainly teach that it is not.  "Supplemental jurisdiction" cannot support removal.

The supplemental jurisdiction statute is not a source of original subject matter jurisdiction. *See, e.g. Pacific Bell v. Covad Communications Company*, 1999 WL 390840 at *3 (N.D.Cal. June 8, 1999) (In the removal context, Covad must demonstrate a basis for federal jurisdiction independent of the relatedness between Pacific's petition and the Telco Act claims pending before this Court.[3]; *In re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D.Pa.1995) (holding Athe supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action@ even where Asuch an approach would have the benefits of efficiency@ ); *McClelland v. Longhitano*, 140 F.Supp.2d 201, 203 (N.D.N.Y.2001) (AAlmost every single authority to address this issue has concluded that the supplemental jurisdiction statute cannot be used in this manner@).

As explained by *Wright & Miller,* a removal notice <u>cannot</u> base removal subject matter jurisdiction on the supplemental jurisdiction statute:

---

[3] In *Pacific Bell, v. Covad Communications Company*, Judge Illston specifically rejected this *then*-novel theory of supplemental jurisdiction now advanced by mBlox, stating that A[Defendants] cannot rely on supplemental jurisdiction as the sole basis for subject-matter jurisdiction.@ *Id.* at 3, citing, *Ahearn v. Charter Twp. Of Bloomfield*, 100 F.3d 451, 456 (6th Cir.1996) (AThe supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction.@). (citations omitted)

> It should be noted that supplemental jurisdiction under Section 1367 of Title 28 is not a source of original subject matter jurisdiction for federal question purposes and thus <u>a removal notice under Section 1441(a) may **not** base removal subject matter jurisdiction on the supplemental jurisdiction statute.</u> Defendants often will assert that an already pending federal action that has a common nucleus of operative fact with the state action for which removal is sought can satisfy the requirements of Section 1367(a) and thus of Section 1441(b). **This is a misreading of the language of Section 1367**.

Federal Practice and Procedure ' 3722, pp. 384-85[4] (emphasis added).

The language of § 1367 Arequire[s] that supplemental jurisdiction be exercised in the *same* case, not a separate or subsequent case.@ *Brummer v. Iasis Healthcare of Arizona, Inc*., 2007 WL 2462174, \*2 (D.Ariz. Aug 24, 2007) (emphasis in original), *quoting Ortolf v. Silver Bar Mines, Inc*., 111 F.3d 85, 87 (9th Cir.1997).  Thus, an already existing federal action <u>cannot</u> be used to Abootstrap@ or Apull-up@ parties in *another* separate case, *regardless* of whether they are related or later consolidated.[5]  *See, e.g., Jackson v. U.S.*, 2006 WL 4863066 (M.D.Fla. Nov 01, 2006) (cannot Abootstrap an otherwise unremovable lawsuit onto an existing federal court proceeding@); *Mendez v. Roman*, No. 3:05-CV-1257 (RNC), 2006 WL 276976, at \*2 (D.Conn. Feb. 2, 2006) ( A[ Section 1367] does not authorize a court to use one case as a platform for >pulling-up= claims and parties in another, separate case. Rather, ... supplemental jurisdiction may be exercised only over claims and parties that have been joined in a single civil action.@); *Sebring Homes Corp. v. T.R. Arnold & Assocs., Inc*., 927 F.Supp. 1098, 1101-02, (N.D.Ind.1995) (ABy its terms, ' 1367 >contemplates supplemental

---

[4] See accord.  *Brown v. Prudential Insurance Company*, 954 F.Supp. 1582, 1584 (S.D.Ga.1997) (same); *Zewe v. Law Firm of Adams & Reese*, 852 F.Supp. 516,520 (E.D.La.1993) (same);  *Ilolt v. Lockheed Support Sys., Inc*., 835 F.Supp. 325, 329 (W.D.La.1993) (same); *Motion Control Corporation, v. Sick, Inc*., 354 F.3d 702 (8th Cir. 2003); *Henson v. Ciba Geigy Corp*., 261 F.3d 1065, 1068 (11th Cir. 2001); *George v. Borden Chemicals*, 960 F.Supp. 92, 95-96 (M.D. La. 1997) (defendants' removal petition may not base subject matter jurisdiction on the supplemental jurisdiction statute).

[5] Indeed, the issue of subject matter jurisdiction must be addressed *at the time of the removal* of the complaint. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979).  Therefore, any subsequent consolidation of the action could have no effect on the jurisdictional analysis.  Any such consolidation would become a **nullity** as the Court would have had no subject matter jurisdiction with which to consolidate the complaint in the first instance. *See In re Estate of Tabas*, 879 F.Supp. at 468 (AIn Simcox, the court's consolidation order was in our view a nullity, because it lacked jurisdiction to take any action in the unremovable state-court action.@).

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**Case Nos. C-06-6567 CW; C-07-5298 PJH**

- 6 -

1  jurisdiction arising only from claims within a single action.= Section 1367 provides no
2  original jurisdiction over a separate, but related suit[.]@ ); *Chase v. Auerbach*, 1994 WL
3  590588 (E.D.Pa.1994) (holding that it is improper to remove a state court action and attempt
4  to consolidate such action with a pending federal proceeding by invoking a federal court's
5  supplemental jurisdiction).[6]

There is no room for debate:  supplemental jurisdiction cannot be used as a basis to support federal jurisdiction in this case.

### D. Attorneys' Fees and Costs Should Be Awarded

Because mBlox's removal was wrong as a matter of law, the Court should award costs and fees to the plaintiff. *See, Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1106 n.2 (explaining that plaintiff need not show that defendant acted in bad faith, but rather that the removal was "wrong as a matter of law.")  *See*, *also*, *Connecticut Housing Finance Authority v. Eno Farms Ltd. Partnership*, 2007 WL 1670130 (D.Conn. Jun 06,

---

[6] *See also In re Pacific Gas & Elec. Co.*, 281 B.R. 1 (Bankr.N.D.Cal. Jun 14, 2002) (ASection 1367 should not be used to bootstrap nonremovable claims to related federal claims.@); *Hudgins Moving & Storage Co., Inc. v. American Exp. Co.*, 292 F.Supp.2d 991 (M.D.Tenn. Nov 19, 2003) (AAmerican Express contends that, because a federal court has exerted jurisdiction over the Phoung proceedings, this federal court may claim pendent party jurisdiction over Hudgins's claims, as both actions arise from a common nucleus of fact. American Express's arguments have no merit.@);  *Keene v. Auto Owners Ins. Co.*, 78 F.Supp.2d 1270, 1274 (S.D.Ala.1999) ( A[S]ection 1367 applies only to claims within a single action and not to claims within related actions.@ ).

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**Case Nos. C-06-6567 CW; C-07-5298 PJH**

2007) (finding that an award of attorneys' fees was warranted where the asserted basis for removal jurisdiction was supplemental-jurisdiction statute)

                                Respectfully submitted,

Dated: November 5, 2007                  LAW OFFICES OF TERRY M. GORDON

                                By:/s/ Terry M. Gordon
                                   TERRY M. GORDON
                                   One of the Attorneys for RUSSELL
                                   BRADBERRY, individually and on
                                   behalf of a class of similarly situated
                                   individuals