TERRY M. GORDON - SBN 75604
LAW OFFICES OF TERRY M. GORDON
Three Harbor Drive, Suite 215
Sausalito, California 94965
Telephone:    (415) 331-3601
Facsimile:     (415) 331-1225

JOHN G. JACOBS (PENDING *PRO HAC VICE*)
BRYAN G. KOLTON (PENDING *PRO HAC VICE*)
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Facsimile: (312) 427-1850

JAY EDELSON (PENDING *PRO HAC VICE*)
MYLES MCGUIRE (PENDING *PRO HAC VICE*)
KAMBEREDELSON, LLC
53 West Jackson Boulevard
Suite 1530
Chicago, Illinois 60604
Telephone: (312) 589-6370
Facsimile: (312) 873-4610

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>                    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., a Delaware corporation<br><br>                    Defendant. | Case No. C 06 6567 CW<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JOINDER, OR IN THE ALTERNATIVE, CONSOLIDATION**<br><br>The Honorable Claudia Wilken<br><br>Hearing Date: Nov. 29, 2007<br>Time:               2:00 p.m.<br>Courtroom 2, 4th Flr. |

RUSSELL BRADBERRY, individually and on )      Case No.C-07-5298 PJH
behalf of a class of similarly situated )
individuals, )

              Plaintiff, )

v. )

                 )      The Honorable Phyllis J. Hamilton
MBLOX, INC., a Delaware corporation, )

             Defendant. )

                 )

                 )      **CLASS ACTION**

## I.  Lacking Jurisdiction, This Court Cannot Join Or Consolidate The mBlox Case

      Defendant mBlox removed a case brought against it in the Superior Court of Santa Clara County to this Court and that case has been assigned to Judge Hamilton (we refer to that case as "the mBlox case").  mBlox now asks this Court to effect a joinder of the mBlox case and the *T-Mobile* case that is pending before this Court.   Separately pending before Judge Hamilton is plaintiff's Motion To Remand the mBlox case back to state court since there is no subject matter jurisdiction in this court over the *mBlox* case.  Of course, if the remand is ordered, as we believe it should be, there is no joinder or consolidation to consider, since it is fundamental that jurisdiction cannot be obtained by joinder or consolidation – jurisdiction must be found to exist independently *before* any consideration can be given to joinder or consolidation.

## II.  Permissive Joinder Is An Option Only Of The Plaintiff, Not A Non-Party

      The law is to our knowledge unanimous (and certainly mBlox has cited to no contrary authority) that a party cannot do what mBlox requests here.  It cannot use FRCP Rule 20 to cause a lawsuit in which it is a defendant to be joined with a different lawsuit brought by a plaintiff.   That is because under Rule 20, the plaintiff is the master of his or her complaint and Rule 20 cannot be used to make a plaintiff add additional parties to his or her lawsuit.

Rule 20, the "permissive party joinder" rule, gives plaintiff great discretion to determine the structure of her litigation:

> The permissive party joinder rule gives the plaintiff a powerful tool to structure litigation in the complaint.  It permits the plaintiff to join multiple parties on either the plaintiff's or the defendant's side.  **It does not require the plaintiff to do so**, however, and thus can be employed or ignored for a variety of reasons, including limitations on subject matter or personal jurisdiction, or wholly strategic or tactical reasons.  **The defendant has no right to insist that the plaintiff join all persons who could be joined under the permissive party joinder rule**.

4 Moore's Federal Practice, § 20.02[2][b][i] (Matthew Bender 3d ed.) (emphasis added).

Thus, Rule 20 has been said to convey a right "belonging to plaintiffs:"

> Finally, we reject the contention that permissive joinder of the United States and Fry should have been allowed under rule 20.  First, we agree with the trial court that joinder of defendants under rule 20 is a right belonging to plaintiffs, and only when a right to relief is asserted against each defendant.  Here, no right to relief could be asserted against the United States and Fry.  Further, while rule 20 might be read in conjunction with rule 14 to allow the joinder of several third-party defendants, **a defendant can not use rule 20 to join a person as an additional defendant**.

*Hefley v. Textron, Inc*., 713 F.2d 1487, 1499 (10th Cir.1983) (emphasis added); see *also Administrative Committee of Wal-Mart Associates Health and Welfare Plan v. Willard*, 216 F.R.D. 511 (D.Kan. 2003) ("Rule 20(a) would not be appropriate in this case because Willard, as a defendant, cannot use Rule 20(a) to join Wal-Mart.  The Tenth Circuit has held that Rule 20 'is a right belonging to plaintiffs  [and] a defendant cannot use Rule 20 to join a person as an additional defendant.' Therefore, as a defendant in the current action, Rule 20 is not available to Willard as a means to join Wal-Mart as a party to the current action."); *Sunpoint Securities, Inc. v. Porta*, 192 F.R.D. 716, 719 (M.D.Fla. 2000) ("Rule 20 is

1    permissive and allows the plaintiff to structure litigation and join parties as they wish as long

2    as the rule's requirements are met…. the plaintiff may decide not to join a party that the

3    defendant feels is essential to the litigation.").

4        Although a defendant may be able to alter the plaintiff's structure of litigation, it must

5    do so via Rules 13, 14 and/or 19, among others -- and not via Rule 20, as mBlox attempts

6    here:

> The permissive party joinder rule gives plaintiff great discretion to determine the structure of litigation (*see* [2][a], *above*). Although defendants may be able to alter the plaintiff's structure by impleading third-party defendants [via Rule 14(a)] or by moving for the joinder of absentees who satisfy Rule 19, **defendants have no right to insist that plaintiff join all persons who might be joined under permissive party joinder requirements** (see [2][a], above). On the other hand, a defendant who files a counterclaim [via Rule 13(a) or (b)]  or cross-claim [via Rule 13(g)] in the pending case is treated as a plaintiff for purposes of permissive party joinder."

15    4 Moore's, § 20.02[2][a][i] (Matthew Bender 3d ed.); see also *In re Selheimer & Co*., 319

16    B.R. 384, 394 (Bankr.E.D.Pa. 2005) ("While Rule 20 allows for the joinder of certain parties,

17    its utility is limited to plaintiffs and defendants raising counter and crossclaims*.");* 4 Moore's,

18    § 20.02[1][b] (Matthew Bender 3d ed.); (explaining that party joinder via Rule 20 may "be

19    used by a defendant only if the defendant has asserted a counterclaim or cross-claim in the

20    action");  *U.S. v. Ables*, 1990 WL 81023, *1-2 (D.Kan. 1990) ("Ables' motion further fails to

21    establish any grounds upon which Ables, as a party defendant, would be entitled to join VA

22    as a codefendant.  In his reply brief Ables relies upon Rule 20 of the Federal Rules of Civil

23    Procedure. The court finds that Rule 20 is inapplicable, unless joinder is pursuant to

24    Fed.R.Civ.P. 13(h).  Persons other than the original parties to the action may be joined by a

25    party defendant in order to adjudicate a crossclaim or counterclaim already before the court or

26    one that is being asserted at the same time that the joinder is sought."); *Chao v. St. Louis*

27    *Internal Medicine*, 2007 WL 29674, *2 (E.D.Mo. Jan 03, 2007) ("permissive joinder under

28

---

1    Rule 20(a) is not available to the defendants as a means to join additional defendants").  In

2    the case at bar, T-Mobile has not filed a cross-claim or third-party claim against mBlox,

3    and thus, Rule 20 cannot be used to join mBlox as an additional defendant.

4    **III.  <u>Consolidation Is Inappropriate</u>**

5         mBlox argues that even if the Court does not grant joinder, it should nonetheless

6    order consolidation.  (Mem. at 7-8.)   We do not dispute defendant's statement that a court

7    has discretion under Rule 42 to order consolidation of cases **<u>if</u>** the court has subject matter

8    jurisdiction over both suits.   Here, we believe it is manifest that the Court does not have such

9    jurisdiction.

10         Leaving aside that dispositive point, we believe that mBlox has presented a view of

11    the two cases and their status that is markedly different from our understanding.  The T-

12    Mobile case is more than a year old and is considerably farther along than this case.  In the T-

13    Mobile case, there has been an Early Neutral Evaluation.   Rule 26 disclosures have occurred.

14    Discovery is already underway, though far from complete.   Documents have been produced,

15    there has been some third-party discovery, interrogatories and requests to admit have been

16    served and responded to.  A class certification motion and memorandum were due to be filed

17    when the parties agreed to a brief stay so that they could pursue mediation.   A mediation is

18    currently scheduled in the T-Mobile case for November 20, and if a settlement is not reached,

19    class certification papers will be filed on November 30, 2007.   (See Declaration of Bryan

20    Kolton ¶ 11, attached hereto.)

21         While both suits arise out of problems relating to billings made to recycled phone

22    numbers, the dissimilarities in the two suits are greater than their similarities.  Of course, the

23    defendants are different.  More importantly, the legal claims asserted in the two suits are not

24    the same, nor are the classes the same.   In the T-Mobile suit, the plaintiff alleges a violation

25    of 47 U.S.C. § 201(b), California's Public Utility Code section 2890, California Business and

26    Professions Code sections 17200 and 17500, and breach of contract.  In the mBlox suit, on

27

28

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JOINDER, OR IN THE ALTERNATIVE, FOR CONSOLIDATION, Case Nos. C-06-6567 CW; C-07-5298  PJH**

- 5 -

the other hand, the claims are for Restitution/Unjust Enrichment, Tortious Interference, and for violation of California Business and Professions Code section 17200.   The T-Mobile suit involves only its own customers, whereas the mBlox suit involves the customers of *many* carriers.   The two suits are very different.

The hearing on class certification in T-Mobile is scheduled to take place on February 7, 2008.   mBlox's first filing in this case, on the other hand, was a stipulation to give it sixty days – until December 17, 2007 -- to respond to the complaint in the case.  (Kolton Declaration ¶ 13)   Consolidation would only serve to slow down resolution of the cases and needlessly complexify the T-Mobile case.   The cases are ill-suited for consolidation.[1] mBlox's request for consolidation should be denied.

## IV.  Conclusion

For the foregoing reasons, mBlox's motion for permissive joinder under Rule 20 or, in the alternative, for consolidation should be denied in all regards, and Plaintiff should be granted such further or other relief as the Court deems appropriate.

Respectfully submitted,


Dated: November  8, 2007                    LAW OFFICES OF TERRY M. GORDON


By: /s/ Terry M. Gordon
                    TERRY M. GORDON
                    One of the Attorneys for RUSSELL
                    BRADBERRY, individually and on
                    behalf of a class of similarly situated
                    individuals

---

[1]  mBlox has asked for a finding of relatedness between the mBlox suit and the T-Mobile suit.  Whatever the Court does with regard to that request does not affect the question of consolidation.   As Judge Patel noted in *Fonovisa v. Napster, Inc.*, 2002 WL 398676, *2-3 (N.D.Cal. Jan 28, 2002), a finding of relatedness is an administrative matter and does not operate to consolidate cases and is not a substitute for consolidation.