# EXHIBIT A

1   Debra J. Albin-Riley (SBN # 112602)
    WINSTON & STRAWN LLP
2   333 South Grand Avenue
    Los Angeles, CA 90071-1543
3   Telephone:    (213) 615-1700
    Facsimile:    (213) 615-1750
4   Email:        driley@winston.com

5   Amanda L. Groves (SBN # 187216)
    Leda M. Mouallem (SBN # 221258)
6   WINSTON & STRAWN LLP
    101 California Street
7   San Francisco, CA 94111-5894
    Telephone:    (415) 591-1000
8   Facsimile:    (415) 591-1400
    Email:        agroves@winston.com
9   Email:        lmouallem@winston.com

10

11  Attorneys for Defendant
    T-MOBILE USA, INC.
12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                    OAKLAND DIVISION

16

17  RUSSELL BRADBERRY, individually and on        Case No. C 06 6567 CW
    behalf of a class of similarly situated
18  individuals,
                                                   **STIPULATION AND ORDER EXTENDING**
19                  Plaintiff,                     **DEADLINES RE CLASS**
                                                   **CERTIFICATION, MOTION TO DISMISS**
20           vs.                                   **AND OTHER DATES CONTAINED IN**
                                                   **THE MAY 7, 2007 SCHEDULING ORDER;**
21  T-MOBILE USA, INC., a Delaware corporation     **AND APPLYING AN INTERIM STAY TO**
                                                   **OTHER MATTERS**
22                  Defendant.

23

24

25

26

27

28
    ───────────────────────────────────────────
    STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINES RE CLASS CERTIFICATION, MOTION TO DISMISS AND
    OTHER DATES CONTAINED IN THE MAY 7, 2007 SCHEDULING ORDER; AND APPLYING AN INTERIM STAY TO OTHER
    MATTERS, CASE NO. C06-6567 CW

    SF:185365.1

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

1   WHEREAS, the Court entered an Order on August 23, 2007, extending the time for Plaintiff

2   Russell Bradberry ("Plaintiff") to file his opening class certification brief to a date three (3) weeks

3   after Defendant T-Mobile USA, Inc. ("T-Mobile") filed its answer to Plaintiff's First Amended

4   Complaint;

5   WHEREAS, T-Mobile filed its answer on September 6, 2007;

6   WHEREAS, Plaintiff's class certification brief was due to be filed September 27, 2007;

7   WHEREAS, T-Mobile filed a Motion to Dismiss Fifth Claim for Relief in Plaintiff Russell

8   Bradberry's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)("Motion

9   to Dismiss") and T-Mobile's reply in support of its Motion to Dismiss was due to be filed September

10  27, 2007, and the parties' hearing on T-Mobile's Motion to Dismiss was previously scheduled for

11  October 11, 2007 at 2:00 p.m.;

12  WHEREAS, the parties participated in an Early Neutral Evaluation ("ENE") session on

13  August 17, 2007. The parties believe the ENE session was productive and have accordingly agreed

14  to pursue further settlement discussions through the mediation process. The parties desire an interim

15  stay of all proceedings to conserve party and Court resources while the parties pursue mediation.

16  WHEREAS, the parties have been discussing mediation scheduling and recently secured a

17  mediation date of November 20, 2007 with Judge Eugene Lynch (Ret.) of JAMS and accordingly are

18  now in a position to enter into the following stipulation.

19  IT IS THEREFORE HEREBY STIPULATED AND AGREED that all pending matters shall

20  be stayed until November 26, 2007 to allow the parties to pursue mediation and a potential

21  settlement of this matter.

22  To effectuate same, deadlines with respect to class certification briefing and the hearing on

23  T-Mobile's Motion to Dismiss are continued as follows:

24  1.   The time for Plaintiff to serve and file his opening class certification brief is extended

25  to November 30, 2007.

26

27                                                    1

28  STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINES RE CLASS CERTIFICATION, MOTION TO DISMISS AND
    OTHER DATES CONTAINED IN THE MAY 7, 2007 SCHEDULING ORDER; AND APPLYING AN INTERIM STAY TO OTHER
    MATTERS, CASE NO. C06-6567 CW

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

2.      The time for T-Mobile to file its opposition to the motion for class certification is extended to January 11, 2008.

3.      The time for Plaintiff to serve and file any reply in support of class certification is extended to January 25, 2008.

4.      The hearing date regarding class certification and the parties' further Case Management Conference is extended to February 7, 2008 at 2:00 p.m.

The deadlines with respect to T-Mobile's Motion to Dismiss and hearing are as follows:

1.      The time for T-Mobile to file its reply in support of its Motion to Dismiss is extended to December 7, 2007.

2.      The hearing date on T-Mobile's Motion to Dismiss is extended to December 20, 2007 at 2:00 p.m.

Moreover, due to the extensions of the class certification briefing rendered prior to this stipulation and the extensions outlined above, the parties respectfully request the Court issue a new scheduling order amending all other dates set forth in the Court's May 7, 2007 Case Management Order ("Order") attached hereto as Exhibit A.

To effectuate same, deadlines with respect to the dates previously set in the Court's Order are continued as follows:

1.      The parties will complete fact discovery by April 4, 2008.

2.      The parties will disclose the identities and reports of expert witnesses by April 30, 2008.

3.      The parties will disclose the identity and reports of any rebuttal witnesses by May 30, 2008.

4.      The parties will complete expert discovery by August 1, 2008.

5.      All case-dispositive motions will be heard at 2:00 p.m. on or before July 24, 2008.

6.      A final pretrial conference will be held at 2:00 p.m. on October 14, 2008.

7.      A 5-day jury trial in this case will begin on 8:30 a.m. on October 27, 2008.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

2

STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINES RE CLASS CERTIFICATION, MOTION TO DISMISS AND OTHER DATES CONTAINED IN THE MAY 7, 2007 SCHEDULING ORDER; AND APPLYING AN INTERIM STAY TO OTHER MATTERS, CASE NO. C06-6567 CW

SF:185365.1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Dated: October 29, 2007                  WINSTON & STRAWN LLP


                                    By:    /s/ Leda M. Mouallem
                                           Debra J. Albin-Riley
                                           Amanda L. Groves
                                           Leda M. Mouallem
                                           Attorneys for Defendant
                                           T-MOBILE USA, INC.


Dated: October 29, 2007                  THE JACOBS LAW FIRM


                                    By:    /s/ John G. Jacobs
                                           John G. Jacobs
                                           Attorneys for Plaintiff
                                           RUSSELL BRADBERRY

I hereby attest that the concurrence in the filing of this document has been obtained by the above signatory indicated on the conformed signature (/s/) within this efiled document.

/s/ Leda M. Mouallem
    Leda M. Mouallem

Pursuant to Stipulation, IT IS SO ORDERED.

                         10/30/07
DATED: _____

                                    The Honorable Claudia Wilken
                                    United States District Judge

STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINES RE CLASS CERTIFICATION, MOTION TO DISMISS AND OTHER DATES CONTAINED IN THE MAY 7, 2007 SCHEDULING ORDER; AND APPLYING AN INTERIM STAY TO OTHER MATTERS, CASE NO. C06-6567 CW

SF:185365.1

# EXHIBIT  B

Craig M. White (*Pro Hac Vice* pending)
Brent R. Austin (SBN 141938 inactive)
Chung-Han Lee (SBN 231950)
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606
Telephone:    (312) 201-2000
Facsimile:    (312) 201-2555

Jeffrey L. Fillerup (SBN 120543)
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone: (415) 356-4600
Facsimile: (415) 356-4610
E-mail: jfillerup@luce.com

Attorneys for Defendant MBLOX, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>MBLOX, INC., a Delaware corporation,<br><br>Defendant. | Case No. C-07-5298 (PJH)<br><br>**STIPULATION TO EXTEND TIME FOR DEFENDANT MBLOX TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT** |

WHEREAS Plaintiff RUSSELL BRADBERRY originally filed this action in Santa Clara County Superior Court on September 13, 2007;

WHEREAS Defendant MBLOX, INC. ("mBlox") timely removed this action from the Santa Clara County Superior Court on October 17, 2007;

WHEREAS, pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, mBlox must answer or otherwise respond to the Complaint within five (5) days of removal or by October 24, 2007;

WHEREAS, Plaintiff has graciously agreed to extend the time by which mBlox must file its Complaint;

1

STIPULATION TO EXTEND
TIME TO ANSWER

1    **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between

2    Plaintiff and Defendant mBlox, by and through their respective undersigned attorneys, pursuant to Local

3    Rule 6-1 of the United States District Court for the Northern District of California, that Defendant

4    MBLOX, INC. shall have sixty (60) days from the date of removal, or until Monday, December 17,

5    2007, to answer or otherwise respond to Plaintiff's Complaint.

6

7                                    **STIPULATION**

8            IT IS SO STIPULATED.

9                                            Respectfully submitted,

10   Dated: October 22, 2007                WILDMAN, HARROLD, ALLEN & DIXON LLP

11

12                                           By: _____
                                                          Chung-Han Lee
13

14   Jeffrey L. Fillerup (SBN 120543)        Craig M. White (Pro Hac Vice pending)
     LUCE, FORWARD, HAMILTON & SCRIPPS       Brent R. Austin (SBN 141938 inactive)
15    LLP                                    Chung-Han Lee (SBN 231950)
     Rincon Center II, 121 Spear Street, Suite 200  WILDMAN, HARROLD, ALLEN & DIXON, LLP
16   San Francisco, California 94105-1582    225 West Wacker Drive, Suite 2800
     Telephone: (415) 356-4600              Chicago, Illinois 60606
17   Facsimile: (415) 356-4610             Telephone: (312) 201-2000
     E-mail: jfillerup@luce.com            Facsimile: (312) 201-2555
18
                                            Attorneys for Defendant MBLOX, INC.
19
     Dated: October 22, 2007                LAW OFFICES OF TERRY M. GORDON
20

21

22                                          By: _____
                                                          Terry M. Gordon
23

24                                          Terry M. Gordon (SBN 75604)
                                            LAW OFFICES OF TERRY M. GORDON
25                                          Three Harbors Drive, Suite 317
                                            Sausalito, California 94965
26                                          Telephone: (415) 331-3601
                                            Facsimile: (415) 331-1225
27
                                            One of the Attorneys for Plaintiff RUSSELL
28                                          BRADBERRY

                                    2

John G. Jacobs
Bryan G. Kolton
THE JACOBS LAW FIRM, CHTD
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Facsimile: (312) 427-1850

Jay Edelson
Myles McGuire
BLIM & EDELSON
53 West Jackson Boulevard, Suite 1642
Chicago, Illinois 60604
Telephone: (312) 913-9400
Facsimile: (312) 913-9401

Attorneys for Plaintiff RUSSELL BRADBERRY

3

**EXHIBIT C**

TERRY M. GORDON - SBN 75604
LAW OFFICES OF TERRY M. GORDON
Three Harbor Drive, Suite 215
Sausalito, California 94965
Telephone:    (415) 331-3601
Facsimile:    (415) 331-1225

JOHN G. JACOBS (PENDING *PRO HAC VICE*)
BRYAN G. KOLTON (PENDING *PRO HAC VICE*)
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Facsimile: (312) 427-1850

JAY EDELSON ( PENDING *PRO HAC VICE*)
MYLES MCGUIRE (PENDING *PRO HAC VICE*)
KAMBEREDLESON, LLC
53 West Jackson Boulevard
Suite 1530
Chicago, Illinois 60604
Telephone: (312) 589-6370
Facsimile: (312) 873-4610

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MBLOX, INC., a Delaware corporation,<br><br>Defendant. | Case No.C-07-5298 PJH<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND**<br><br>Hearing Date: December 19, 2008<br>Time:        9:00 a.m.<br>Dept.:        Crtrm. 3, 17th Flr.<br><br>The Honorable Phyllis J. Hamilton<br><br>**CLASS ACTION** |

1 | TO DEFENDANT AND ITS ATTORNEY OF RECORD HEREIN:

2 | PLEASE TAKE NOTICE that on December 19, 2007, at 9:00 a.m., in Courtroom 3

3 | of the above-entitled Court, Plaintiff Russell Bradberry, individually and on behalf of a class

4 | of similarly situated individuals, will appear before the Honorable Phyllis J. Hamilton, and

5 | then and there present his Motion to Remand:

6 | 1. Pursuant to the provisions of 28 U.S.C. § 1447( c), Plaintiff moves to have

7 | this case remanded to the Superior Court of Santa Clara County, California. Defendant's

8 | removal of this case from that court to this Court was improper and contrary to well-

9 | established law on the subject. This Court lacks subject-matter jurisdiction over the case.

10 | The case should be forthwith remanded to the Superior Court of Santa Clara County,

11 | California, and with attorney's fees awarded to Plaintiff.

12 | 2. The burden is on Defendant to show by a preponderance of the evidence that

13 | removal is proper, and it cannot sustain that burden. Defendant suggests two bases for

14 | jurisdiction in this Court to support removal: (a) CAFA (28 U.S.C. §§ 1332(d) and 1453),

15 | and (b) supplemental jurisdiction under 28 U.S.C. § 1367 (a). As is set forth in Plaintiff's

16 | contemporaneously-filed Memorandum In Support Of Plaintiff's Motion To Remand, neither

17 | basis can be countenanced. Defendant's fails to satisfy its burden of proving that claimed

18 | damages are in excess of $5 million as required for CAFA removal, and, as a matter of law,

19 | Defendant cannot rely upon 28 U.S.C. § 1367(a) to support jurisdiction in this Court.

20 | 3. Plaintiff incorporates herein by reference his Memorandum In Support Of

21 | Plaintiff's Motion To Remand.

22 | This Motion will be based on this Notice and Motion, and the supporting

23 | Memorandum filed herewith, and on the files and records of this Court, and such argument as

24 | may be permitted at the hearing.

25 | WHEREFORE, it is respectfully requested that this Court forthwith remand this

26 | action to the Superior Court of Santa Clara County, California, from whence it was

27 |

28 |

1   improperly removed, and that the Court award Plaintiff his attorney's fees and such further or

2   additional relief as the Court shall deem appropriate.

4                                          Respectfully submitted,

5   Dated: November 5, 2007              LAW OFFICES OF TERRY M. GORDON

7                                        By:/s/ Terry M. Gordon
                                            TERRY M. GORDON
8                                           One of the Attorneys for RUSSELL
                                            BRADBERRY, individually and on
9                                           behalf of a class of similarly situated
                                            individuals
10

TERRY M. GORDON - SBN 75604
LAW OFFICES OF TERRY M. GORDON
Three Harbor Drive, Suite 215
Sausalito, California 94965
Telephone:    (415) 331-3601
Facsimile:    (415) 331-1225

JOHN G. JACOBS (PENDING *PRO HAC VICE*)
BRYAN G. KOLTON (PENDING *PRO HAC VICE*)
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Facsimile: (312) 427-1850

JAY EDELSON ( PENDING *PRO HAC VICE*)
MYLES MCGUIRE (PENDING *PRO HAC VICE*)
KAMBEREDLESON, LLC
53 West Jackson Boulevard
Suite 1530
Chicago, Illinois 60604
Telephone: (312) 589-6370
Facsimile: (312) 873-4610

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> MBLOX, INC., a Delaware corporation, <br><br> Defendant. | Case No.C-07-5298 PJH <br><br> **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND** <br><br> Hearing Date: December 19, 2007 <br> Time:    9:00 a.m. <br> Dept.:    Crtrm. 3, 17th Flr. <br><br> The Honorable Phyllis J. Hamilton <br><br> **CLASS ACTION** |

1   **I.    INTRODUCTION**

2          Defendant mBlox, Inc. ("mBlox") has asserted two bases for removal:  (a) CAFA

3   jurisdiction (Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453), and (b)

4   supplemental jurisdiction under 28 U.S.C. § 1367(a).   Neither basis can be sustained.  mBlox

5   utterly fails to sustain its burden of showing that damages of $5,000,000 are involved in this

6   case, and, for that reason, removal under CAFA is not permissible.  Similarly, its' suggestion

7   that supplemental jurisdiction can be sustained under 28 USC § 1367(a) because this case is

8   "related" to an existing action (*Bradberry v. T-Mobile*) is not even arguably tenable – clearly

9   established law simply does not allow it.

10  **II.   FACTS**

11         Plaintiff Russell Bradberry brings the underlying putative class action lawsuit to

12  redress a practice known in the industry as the recycling of "dirty" cellular phone numbers.

13  Stripped of the industry jargon, the practice of "recycling" "dirty" cellular telephone numbers

14  is easy to understand.  Cell phone customers are assigned unique phone numbers, just like

15  with traditional land-line phones.  However, unlike traditional phones, people can use cell

16  phones to pay for certain services, like, for example, "ring tones[1]" and subscriptions for

17  horoscopes or stock tips sent daily to customers' cell phones.  These services generally renew

18  automatically each month and the resulting charges are included on the customer's cell phone

19  bill.

20         Bradberry's claims flow from what happens when phone carriers reissue (or

21  "recycle") a number previously assigned to one of its customers that has been abandoned.

22  The carriers, working in concert with billing agents such as defendant mBlox, Inc. continue

23  to charge the new customer for subscriptions purchased by the old customers.

24         Plaintiff brings suits on behalf of a nationwide class and a California sub-class and

25  alleges that each putative class consists of "thousands of members."

26

27  [1] A ringtone is simply the sound made by a telephone to indicate an incoming call. The term is most often used
    to refer to the customizable sounds available on mobile phones.

28

1  III. **ARGUMENT**

2     A.  **Preliminary Word Concerning Defendant's Burden**

3        The removal statutes are construed restrictively in this Circuit and there is a strong

4  presumption *against* removal:

5        The removal statutes are construed restrictively, so as to limit removal
       jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 312 U.S. 100, 108-09
6      (1941); *Hofler v. Aetan U.S. Healthcare,* 296 F.3d 764, 767 (9th Cir. 2002).
       There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles,*
7      *Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability are
       resolved in favor of remanding the case to state court. *Matheson v.*
8      *Progressive Specialty Ins. Co.,* 319 F.3rd 1089, 1090 (9th Cir. 2003).

9  *Havel v. SunAmerica Securities, Inc.,* 2006 WL 2917591, *1 (N.D.Cal. 2006).

10     B.  **Removal Was Improper Because mBlox Failed To Show CAFA Jurisdiction**

11       Under CAFA, putting aside certain exceptions that are not applicable, district courts

12  have jurisdiction over actions "in which, *inter alia*, the amount in controversy exceeds

13  $5,000,000, exclusive of interest and costs," there are at least 100 members of the putative

14  class, and at least one member of the putative class is a citizen of a state different from the

15  defendant.

16       It is well established that "under CAFA the burden of establishing removal

17  jurisdiction remains, as before, on the proponent of federal jurisdiction." *See, e.g., Abrego v.*

18  *The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curium); *accord Blockbuster*

19  *v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006); *Morgan v. Gay*, 471 F.3d at 473 (3d Cir. 2006);

20  *Evans v. Walter Indus. Inc.*, 449 F.3d 1159 (11th Cir. 2006). Defendant must satisfy its

21  burden by "a preponderance of the evidence." *Abrego*, 443 F.3d at 683.

22       mBlox has failed in its burden of establishing by a preponderance of the evidence that

23  the amount in controversy exceeds $5,000,000. The entirety of mBlox's argument on this

24  point consists of one paragraph of its removal papers, specifically that:

25     •    "thousands of consumers" are alleged to have been affected by its unlawful

26          conduct;

27     •    mBlox is alleged to have "profited enormously" from its misconduct;

28

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**Case Nos. C-06-6567 CW; C-07-5298 PJH**

- 3 -

1        •     in a heading (but not in an allegation), plaintiff states that mBlox "billed and

2               collected millions of dollars" in illegal charges.

3  *See*, Notice Of Removal at p. 3, lines 11-16.

4       From those two allegations and one heading, mBlox argues that "given the breadth of

5  this proposed nationwide class, the amount sought by each individual need only be modest

6  for the aggregated amount in controversy to exceed $5 million." *Id.* at 3, lines 25-27. As

7  such it concludes that "Plaintiff's claim easily meets the jurisdictional threshold."

8       The gaping, fatal, flaw in this argument is that it does not follow that there is

9  $5,000,000 at issue simply because there are thousands of class members spread throughout

10  the country. If that argument were sound, there would be CAFA jurisdiction in almost every

11  nationwide class action. But it surely is not sound in this case. Indeed, even if there were

12  5,000 class members, that would mean that the average class member would need to have

13  suffered $1,000 in damages in order to reach the jurisdictional amount. But Bradberry's

14  allegations would not support an inference of even $100 in damages,[2] and there is no reason

15  to believe that he is in any way atypical. mBlox's position is no more than speculation.

16  mBlox could have submitted sworn testimony as to the amounts of relevant charges each of

17  the class members sustained, but it pointedly chose not to do so.

18       To the extent mBlox attempts to avoid its burden by relying upon the heading

19  concerning "millions of dollars," this avails it nothing. Two million dollars qualifies as

20  "millions," as does three million as does four million. But none of those amounts satisfies

21  the jurisdictional minimum. The fact is that we simply do not know at this point, and mBlox

22  has not made any evidentiary showing, the extent of the damage mBlox has inflicted. mBlox

23  attempts to obtain removal while dancing around the necessary demonstration of

24

25

---

26  [2] Paragraph 27 of the removed complaint alleges that Plaintiff received "dozens of such [unauthorized] messages." Paragraph 29 alleges that he was charged $0.50 for each of the incoming premium text messages in
27  addition to the standard charge of $0.05 per incoming text message.

28

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**Case Nos. C-06-6567 CW; C-07-5298 PJH**

1  jurisdictional minimum damages.  Having chosen to avoid that jurisdictional concession,

2  mBlox has failed to meet its burden, and removal was plainly improper

3          **C.  Removal Cannot Be Sustained On The Basis of Supplemental Jurisdiction**

4          mBlox claims that this lawsuit is related to an existing federal court action (*Bradberry*

5  *v. T-Mobile)*, and therefore removal was proper because, mBlox says, this Court may

6  consolidate the two cases and exercise supplemental jurisdiction over the mBlox suit.  This

7  argument attempts to turn 28 U.S.C.§ 1367(a) into an independent source of removal

8  jurisdiction.  But the cases and commentators plainly teach that it is not.  "Supplemental

9  jurisdiction" cannot support removal.

10         The supplemental jurisdiction statute is not a source of original subject matter

11  jurisdiction. *See, e.g. Pacific Bell v. Covad Communications Company*, 1999 WL 390840 at

12  *3 (N.D.Cal. June 8, 1999) (In the removal context, Covad must demonstrate a basis for

13  federal jurisdiction independent of the relatedness between Pacific's petition and the Telco

14  Act claims pending before this Court.[3]; *In re Estate of Tabas*, 879 F.Supp. 464, 467

15  (E.D.Pa.1995) (holding Athe supplemental jurisdiction statute does not allow a party to

16  remove an otherwise unremovable action to federal court for consolidation with a related

17  federal action@ even where Asuch an approach would have the benefits of efficiency@ );

18  *McClelland v. Longhitano*, 140 F.Supp.2d 201, 203 (N.D.N.Y.2001) (AAlmost every single

19  authority to address this issue has concluded that the supplemental jurisdiction statute cannot

20  be used in this manner@).

21         As explained by *Wright & Miller,* a removal notice cannot base removal subject

22  matter jurisdiction on the supplemental jurisdiction statute:

23

24  [3] In *Pacific Bell, v. Covad Communications Company*, Judge Illston specifically rejected this *then*-novel theory
of supplemental jurisdiction now advanced by mBlox, stating that A[Defendants] cannot rely on supplemental

25  jurisdiction as the sole basis for subject-matter jurisdiction.@ *Id.* at 3, citing, *Ahearn v. Charter Twp. Of
Bloomfield*, 100 F.3d 451, 456 (6th Cir.1996) (AThe supplemental-jurisdiction statute is not a source of original

26  subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the
supplemental jurisdiction statute, even if the action which a defendant seeks to remove is related to another

27  action over which the federal district court already has subject-matter jurisdiction.@). (citations omitted)

28

1

2

3

4

> It should be noted that supplemental jurisdiction under Section 1367 of Title
> 28 is not a source of original subject matter jurisdiction for federal question
> purposes and thus <u>a removal notice under Section 1441(a) may **not** base
> removal subject matter jurisdiction on the supplemental jurisdiction statute.</u>
> Defendants often will assert that an already pending federal action that has a
> common nucleus of operative fact with the state action for which removal is
> sought can satisfy the requirements of Section 1367(a) and thus of Section
> 1441(b). **This is a misreading of the language of Section 1367.**

5

Federal Practice and Procedure ' 3722, pp. 384-85[4] (emphasis added).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

The language of § 1367 Arequire[s] that supplemental jurisdiction be exercised in the *same* case, not a separate or subsequent case.@ *Brummer v. Iasis Healthcare of Arizona, Inc.*, 2007 WL 2462174, *2 (D.Ariz. Aug 24, 2007) (emphasis in original), *quoting Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87 (9th Cir.1997). Thus, an already existing federal action <u>cannot</u> be used to Abootstrap@ or Apull-up@ parties in *another* separate case, *regardless* of whether they are related or later consolidated.[5] *See, e.g., Jackson v. U.S.*, 2006 WL 4863066 (M.D.Fla. Nov 01, 2006) (cannot Abootstrap an otherwise unremovable lawsuit onto an existing federal court proceeding@); *Mendez v. Roman*, No. 3:05-CV-1257 (RNC), 2006 WL 276976, at *2 (D.Conn. Feb. 2, 2006) ( A[ Section 1367] does not authorize a court to use one case as a platform for >pulling-up= claims and parties in another, separate case. Rather, ... supplemental jurisdiction may be exercised only over claims and parties that have been joined in a single civil action.@); *Sebring Homes Corp. v. T.R. Arnold & Assocs., Inc.*, 927 F.Supp. 1098, 1101-02, (N.D.Ind.1995) (ABy its terms, ' 1367 >contemplates supplemental

20

21

22

23

[4] See accord. *Brown v. Prudential Insurance Company*, 954 F.Supp. 1582, 1584 (S.D.Ga.1997) (same); *Zewe v. Law Firm of Adams & Reese*, 852 F.Supp. 516,520 (E.D.La.1993) (same); *Ilolt v. Lockheed Support Sys., Inc.*, 835 F.Supp. 325, 329 (W.D.La.1993) (same); *Motion Control Corporation, v. Sick, Inc.*, 354 F.3d 702 (8th Cir. 2003); *Henson v. Ciba Geigy Corp.*, 261 F.3d 1065, 1068 (11th Cir. 2001); *George v. Borden Chemicals*, 960 F.Supp. 92, 95-96 (M.D. La. 1997) (defendants' removal petition may not base subject matter jurisdiction on the supplemental jurisdiction statute).

24

25

26

27

[5] Indeed, the issue of subject matter jurisdiction must be addressed *at the time of the removal* of the complaint. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). Therefore, any subsequent consolidation of the action could have no effect on the jurisdictional analysis. Any such consolidation would become a **nullity** as the Court would have had no subject matter jurisdiction with which to consolidate the complaint in the first instance. *See In re Estate of Tabas*, 879 F.Supp. at 468 (AIn Simcox, the court's consolidation order was in our view a nullity, because it lacked jurisdiction to take any action in the unremovable state-court action.@).

28

1  jurisdiction arising only from claims within a single action.= Section 1367 provides no

2  original jurisdiction over a separate, but related suit[.]@ ); *Chase v. Auerbach*, 1994 WL

3  590588 (E.D.Pa.1994) (holding that it is improper to remove a state court action and attempt

4  to consolidate such action with a pending federal proceeding by invoking a federal court's

5  supplemental jurisdiction).[6]

6      There is no room for debate: supplemental jurisdiction cannot be used as a basis to

7  support federal jurisdiction in this case.

8      **D.    Attorneys' Fees and Costs Should Be Awarded**

9      Because mBlox's removal was wrong as a matter of law, the Court should award

10  costs and fees to the plaintiff. *See, Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d

11  1102, 1106 n.2 (explaining that plaintiff need not show that defendant acted in bad faith, but

12  rather that the removal was "wrong as a matter of law.") *See, also, Connecticut Housing*

13  *Finance Authority v. Eno Farms Ltd. Partnership*, 2007 WL 1670130 (D.Conn. Jun 06,

14

15

16

17

18

19

20

21

22

23

24  [6] *See also In re Pacific Gas & Elec. Co.*, 281 B.R. 1 (Bankr.N.D.Cal. Jun 14, 2002) (ASection 1367 should not be used to bootstrap nonremovable claims to related federal claims.@); *Hudgins Moving & Storage Co., Inc. v. American Exp. Co.*, 292 F.Supp.2d 991 (M.D.Tenn. Nov 19, 2003) (AAmerican Express contends that, because

25  a federal court has exerted jurisdiction over the Phoung proceedings, this federal court may claim pendent party jurisdiction over Hudgins's claims, as both actions arise from a common nucleus of fact. American Express's

26  arguments have no merit.@); *Keene v. Auto Owners Ins. Co.*, 78 F.Supp.2d 1270, 1274 (S.D.Ala.1999) ( A[S]ection 1367 applies only to claims within a single action and not to claims within related actions.@ ).

27

28

2007) (finding that an award of attorneys' fees was warranted where the asserted basis for
removal jurisdiction was supplemental-jurisdiction statute)

Respectfully submitted,

Dated:  November 5, 2007                    LAW OFFICES OF TERRY M. GORDON


                                            By:/s/ Terry M. Gordon
                                            TERRY M. GORDON
                                            One of the Attorneys for RUSSELL
                                            BRADBERRY, individually and on
                                            behalf of a class of similarly situated
                                            individuals

---

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**Case Nos. C-06-6567 CW; C-07-5298 PJH**