Craig M. White (*Pro Hac Vice*)
Brent R. Austin (SBN 141938)
Chung-Han Lee (SBN 231950)
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

Jeffrey L. Fillerup (SBN 120543)
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone: (415) 356-4600
Fax No: (415) 356-4610
E-mail: jfillerup@luce.com

Attorneys for Defendant MBLOX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>vs.<br><br>T-MOBILE USA, INC., a Delaware corporation<br><br>    Defendant. | Case No. C-06-6567 (CW)<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT MBLOX'S NOTICE OF MOTION AND MOTION FOR JOINDER, OR IN THE ALTERNATIVE, TO CONSOLIDATE CASES**<br><br>Judge:    The Honorable Claudia Wilken<br>Date:    November 29, 2007<br>Time:    2:00 p.m.<br>Courtroom:  2, 4th Floor |
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>vs.<br><br>MBLOX, INC., a Delaware corporation,<br><br>    Defendant. | Case No. C-07-5298 (PJH) |

Defendant MBLOX, INC. (hereinafter "mBlox") respectfully submit this reply memorandum in support of mBlox's Motion for Joinder, or in the Alternative, to Consolidate Cases as follows:

## ARGUMENT

**A.    Rule 20 Is Not An Option Limited Only to Plaintiff.**

Plaintiff does not dispute that the requirements of Rule 20 have been met. Plaintiff only contends that permissive joinder is "an option of the plaintiff." Nothing in the language of Rule 20, however, prohibits the use of the permissive joinder rule by a defendant. Furthermore, the narrow construction of Rule 20 that Plaintiff advocates runs counter to the liberal construction that federal courts are to give to Rule 20 in order to promote trial convenience and prevent multiple lawsuits. As the Ninth Circuit has directed, "[w]e start with the premise that Rule 20 [] regarding permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966); *see also Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55 (S.D.N.Y. 2006) (finding that the requirements of rule governing joinder of parties are to be interpreted liberally to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding); *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408 (S.D.N.Y. 1989) (finding that joinder of claims, parties and remedies is strongly encouraged because the impulse under Rule 20 is toward entertaining the broadest possible scope of action consistent with fairness to the parties).[1]

---

[1] The Tenth Circuit did find that Rule 20 applies only to plaintiffs. *Hefley v. Textron, Inc.*, 713 F.2d 1487 (10th Cir. 1983). However, other federal district courts have entertained joinder motions made by defendants and not precluded such motions on the grounds that Rule 20 does not permit defendants from making such motions. *See, e.g., U.S. v. Timmons*, 672 F.3d 1373 (11th Cir. 1982) (considering defendant's motion for joinder pursuant to Rule 20 on the grounds that it would not serve the interests of judicial economy in view of late stage of proceedings); *Lanier Business Products v. Graymar Co.*, 342 F. Supp. 1200 (D. Md. 1972) (finding no merit in contention that Rule 20 is directed to joinder by plaintiffs of party plaintiff and defendants). Even Moore's Federal Practice – on which plaintiff relies heavily in his opposition – recognizes that defendants may initiate permissive party joinder when the defendant asserts a claim either in a cross-claim or counterclaim. *See* 4 Moore's Federal Practice § 20.02[2][b][i] and [ii]  (recognizing that defendants may initiate party joinder by cross-claim or by amending pleading).

Even Moore's Federal Practice – on which plaintiff relies heavily in his opposition – recognizes that defendants may initiate permissive party joinder when the defendant asserts a claim either in a cross-claim or counterclaim. *See* 4 Moore's Federal Practice § 20.02[2][b][i] and [ii] (recognizing that defendants may initiate party joinder by cross-claim or by amending pleading).

B. **Plaintiff Does Not Dispute that the Requirements of Permissive Joinder Have Been Met.**

Plaintiff does not dispute that the requirements of Rule 20 have been met. Plaintiff makes no effort in their opposition brief to counter the argument that the two cases arise out of the same transaction or occurrence and that they involve common questions of law and fact – presumably because Plaintiff cannot deny that these are *identical* cases involving *identical* facts that in the interest of judicial economy and of fairness to the defendants should be tried together. This is especially true given that Plaintiff is seeking the exact same relief against both T-Mobile and mBlox in the two separate cases – namely "all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct." *Compare* Prayer for Relief Sections in *Bradberry I* Complaint to *Bradberry II* Complaint. Assuming for the purposes of this argument that Plaintiff's allegations in both the *Bradberry I* and *Bradberry II* Complaints are true, the alleged damages suffered by the Plaintiff in *Bradberry I* and *Bradberry II* are exactly the same. Thus, allowing the cases to proceed separately and not joining the parties into a single case may lead to the potential that Plaintiff could recover twice for a single injury.

C. **Consolidation Is Proper and Warranted Should the Court Not Permit Joinder**

While Plaintiff does not seriously dispute that the requirements for joinder have been met, Plaintiff does contend that the consolidation is not appropriate. First, Plaintiff attempts to show that *Bradberry I* is "farther along than this case." However, Plaintiff concedes that discovery is "far from complete," and Plaintiff admits that no depositions have been taken and only limited written discovery has been exchanged. Plaintiff also points out that the class-certification briefs and hearing are scheduled to be filed on November 30, 2007 with a hearing date set for February 7, 2008. However, these deadlines have no bearing on whether consolidation is appropriate. The Court can maintain a separate briefing and hearing schedule as to class certification between T-Mobile and mBlox given that plaintiff

3     Case Nos. C-06-6567 (CW) and C-07-5298 (PJH)

REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR JOINDER

is asserting two different classes against the two defendants and at the same time still consolidate the cases for discovery and for dispositive motions. Finally, Plaintiff cites to the fact that an Early Neutral Evaluation has taken place and that mediation is currently scheduled for November 20, 2007. But the fact that the parties have engaged in the court's ADR process and the parties continue to privately discuss settlement has no bearing on whether consolidation is appropriate in this case. If the *Bradberry I* case settles, there will simply be no case for *Bradberry II* to consolidate. Consolidation does not affect the plaintiff and T-Mobile's settlement discussions in any way and does not prejudice either party as they continue to pursue settlement.

In short, there is simply no reason why these two cases should not be consolidated should the Court deny joinder. Both cases involve common questions of law and fact and there will be significant time and effort saved by the parties and the Court by consolidating these two identical cases brought against T-Mobile and mBlox that far outweighs any minor inconvenience or slight delays that consolidation might cause.

## CONCLUSION

For the reasons provided above, defendant MBLOX, INC. respectfully requests that the Court grant its Motion for Joinder, or in the Alternative, to Consolidate Cases.

Dated: November 15, 2007

Respectfully submitted,

WILDMAN, HARROLD, ALLEN & DIXON LLP

By:    /s/    *Chung-Han Lee*
             Chung-Han Lee

Craig M. White (*Pro Hac Vice*)
Brent R. Austin (SBN 141938)
Chung-Han Lee (SBN 231950)
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606
Telephone:   (312) 201-2000
Facsimile:   (312) 201-2555

|   |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |

Jeffrey L. Fillerup (SBN 120543)
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone: 415-356-4600
Fax No: 415-356-4610
E-mail: jfillerup@luce.com

Attorneys for Defendant MBLOX, INC.