IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>  v.<br><br>T-MOBILE USA, INC., a Delaware corporation,<br><br>    Defendant.<br>_____/ | No. C 06-6567 CW |
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>  v.<br><br>MBLOX, INC., a Delaware corporation,<br><br>    Defendant.<br>_____/ | No. C 07-5298 CW<br><br>ORDER DENYING WITHOUT PREJUDICE MBLOX'S MOTION FOR CONSOLIDATION |

    Defendant in Case No. 07-5298, mBlox, Inc., moves to consolidate that case with related Case No. 06-6567.[1]  Plaintiff

---

[1] mBlox actually moves for "joinder" of the two cases and, in the alternative, for consolidation. However, permissive joinder, which is governed by Rule 20(a) of the Federal Rules of Civil Procedure, refers to the right of a plaintiff to name persons as defendants.  It is inapposite to the procedural context of mBlox's motion.

Russell Bradberry opposes mBlox's motion, arguing that his case against T-Mobile has advanced considerably further than the mBlox action, which was only removed to federal court recently.  The parties in the T-Mobile case are also undertaking settlement discussions, and have stipulated to stay all court proceedings for a period of seventy-five days.

>   Rule 42(a) of the Federal Rules of Civil Procedure provides:
>
>   When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

A district court may exercise "broad discretion" when deciding whether to consolidate two actions.  <u>In re Adams Apple, Inc.</u>, 829 F.2d 1484, 1487 (9th Cir. 1987).

The two cases here indisputably involve common questions of law and fact.  However, the T-Mobile case has been stayed while the parties attempt to reach a negotiated settlement of Plaintiff's claims.  Thus, consolidating the cases at this time would not be in the interest of judicial economy.  Nonetheless, if the T-Mobile case does not settle, the Court may order consolidation or a joint trial.  In any event, coordination of the pretrial aspects of the two cases will be desirable.

For these reasons, mBlox's motion to consolidate (Docket No. 94 in Case No. 06-6567; Docket No. 6 in Case No. 07-5298) is DENIED without prejudice to refiling pending the outcome of the settlement negotiations currently underway in Case No. 06-6567.  Pretrial preparation in Case No. 07-5298 shall proceed as planned, and all

2

parties in both cases shall appear for a joint case management conference on February 19, 2008 at 2:00 p.m.  This conference will serve as the initial case management conference in Case No. 06-6567; all other deadlines in the Court's Order Setting Initial Case Management Conference and ADR Deadlines are adjusted to correspond to the new conference date of February 19.

    IT IS SO ORDERED.



Dated: 12/6/07

CLAUDIA WILKEN
United States District Judge

3