Craig M. White (Admitted *Pro Hac Vice*)
Brent R. Austin (SBN 141938)
Chung-Han Lee (SBN 231950)
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

Jeffrey L. Fillerup (SBN 120543)
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone: (415) 356-4600
Fax No: (415) 356-4610
E-mail: jfillerup@luce.com

Attorneys for Defendant MBLOX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>vs.<br><br>MBLOX, INC., a Delaware corporation,<br><br>    Defendant. | Case No. C-07-5298 (CW)<br><br>**DEFENDANT MBLOX, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br><u>**JURY DEMAND**</u> |

Defendant, MBLOX, INC. ("Defendant" or "mBlox"), by and through its attorneys, Wildman, Harrold, Allen & Dixon LLP, as and for its Answer to Plaintiff's Complaint for Damages and Injunctive Relief, states as follows:

**<u>NATURE OF THE CASE</u>**

1.     Defendant objects to Plaintiff's "Nature of the Case" as an argumentative narrative that violates Federal Rules of Civil Procedure 10(b) and therefore requires no answer. Subject to and without waiving the foregoing objection, Defendant denies the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant objects to Plaintiff's "Nature of the Case" as an argumentative narrative that violates Federal Rules of Civil Procedure 10(b) and therefore requires no answer. Subject to and without waiving the foregoing objection, Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant objects to Plaintiff's "Nature of the Case" as an argumentative narrative that violates Federal Rules of Civil Procedure 10(b) and therefore requires no answer. Subject to and without waiving the foregoing objection, Defendant denies the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant objects to Plaintiff's "Nature of the Case" as an argumentative narrative that violates Federal Rules of Civil Procedure 10(b) and therefore requires no answer. Subject to and without waiving the foregoing objection, Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant objects to Plaintiff's "Nature of the Case" as an argumentative narrative that violates Federal Rules of Civil Procedure 10(b) and therefore requires no answer. Subject to and without waiving the foregoing objection, Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant objects to Plaintiff's "Nature of the Case" as an argumentative narrative that violates Federal Rules of Civil Procedure 10(b) and therefore requires no answer. Subject to and without waiving the foregoing objection, Defendant denies the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant objects to Plaintiff's "Nature of the Case" as an argumentative narrative that violates Federal Rules of Civil Procedure 10(b) and therefore requires no answer. Subject to and without waiving the foregoing objection, Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant objects to Plaintiff's "Nature of the Case" as an argumentative narrative that violates Federal Rules of Civil Procedure 10(b) and therefore requires no answer. Subject to and without waiving the foregoing objection, Defendant denies the allegations set forth in Paragraph 8 of the

DEFENDANT MBLOX'S ANSWER AND AFFIRMATIVE DEFENSES

Complaint, and specifically denies that Plaintiff is entitled to money damages, disgorgement, injunctive and declaratory relief, costs, or attorney's fees.

### PARTIES

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies those allegations.

10. Defendant admits that it is a leader in mobile payment solutions and that Defendant advertises on its website that it is the "world's largest mobile transactions network." Defendant admits that it is a Delaware corporation with its headquarters and principal place of business in the State of California and in London, England. Defendant admits that it conducts business throughout the United States, including the State of California and this County. Defendant denies the remaining allegations set forth in paragraph 10 of the Complaint.

### JURISDICTION

11. The allegations of paragraph 11 of the Complaint are in the form of legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations set forth in paragraph 11 of the Complaint. Defendant states that this action was properly removed to the Northern District of California on October 17, 2007.

12. The allegations of paragraph 12 of the Complaint are in the form of legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations set forth in paragraph 12 of the Complaint. Defendant states that this action was properly removed to the Northern District of California on October 17, 2007.

### VENUE

13. The allegations of paragraph 13 of the Complaint are in the form of legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations set forth in paragraph 13 of the Complaint. Defendant states that this action was properly removed to the Northern District of California on October 17, 2007.

### THE PROBLEM OF RECYLED DIRTY CELL PHONE NUMBERS

14. Defendant admits the allegations set forth in paragraph 14 of the Complaint.

15.    Defendant admits that people can use cell phones to order or subscribe to certain third-party services sent to customers' cell phones. Defendant denies the remaining allegations set forth in paragraph 15 of the Complaint.

16.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore denies those allegations.

17.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore denies those allegations.

18.    Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19.    Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20.    Defendant denies the allegations set forth in paragraph 20 of the Complaint.

## THE FACTS RELATING TO THE NAMED PLAINTIFF

21.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint, and therefore denies those allegations.

22.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and therefore denies those allegations.

23.    Defendant states that T-Mobile's Service Agreement speaks for itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint, and therefore denies those allegations.

24.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and therefore denies those allegations.

25.    Defendant denies that it provided any products or services to Plaintiff. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and therefore denies those allegations.

26.    Defendant denies the allegations in the first sentence of paragraph 26 of the Complaint. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 26 of the Complaint, and therefore denies those allegations.

27.    Defendant denies the allegations in paragraph 27 of the Complaint.

DEFENDANT MBLOX'S ANSWER AND
AFFIRMATIVE DEFENSES

28.	Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint, and therefore denies those allegations.

29.	Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint, and therefore denies those allegations.

30.	Defendant denies that mBlox billed the Plaintiff, and Defendant denies that it causes a charge to be billed to the Plaintiff. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint, and therefore denies those allegations.

31.	Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint, and therefore denies those allegations.

32.	Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint, and therefore denies those allegations.

**DEFENDANT BILLED AND COLLECTED MILLIONS OF
DOLLARS IN UNAUTHORIZED MOBILE CONTENT CHARGES**

33.	Defendant admits that mobile content providers and cellphone carriers are customers of mBlox's services. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 33 of the Complaint, and therefore denies those allegations.

34.	Defendant admits that mobile content providers are customers of mBlox's services, and that Defendant's technology provides mobile content providers access to wireless carriers. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 34 of the Complaint, and therefore denies those allegations.

35.	Defendant admits that it has developed a mobile transactions network and that Defendant has contractual relationships with Verizon, Cingular, Sprint, Alltel, and US Cellular among others. Defendant denies the remaining allegations set forth in paragraph 35 of the Complaint.

36.	Defendant denies that mBlox bills the carriers' customers, and Defendant denies that it causes a charge to be billed directly on the cellular telephone bill of the carriers' customers. Defendant denies the remaining allegations set forth in paragraph 36 of the Complaint.

5

DEFENDANT MBLOX'S ANSWER AND
AFFIRMATIVE DEFENSES

37. Defendant admits that carriers generally bill and collect charges from its current customer. Defendant denies the remaining allegations set forth paragraph 37 of the Complaint.

38. Defendant admits that it has processed hundreds of millions of transactions. Defendant denies the remaining allegations set forth paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth paragraph 39 of the Complaint. Defendant specifically denies that it knows that "carriers routinely 'recycle' so-called 'dirty' telephone numbers to their customers when they sign up for new cellular telephone service.

40. Defendant denies the allegations set forth paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth paragraph 42 of the Complaint.

## CLASS ALLEGATIONS

43. Defendant denies the allegations set forth paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth paragraph 49 of the Complaint.

51. Defendant denies the allegations set forth paragraph 51 of the Complaint.

## COUNT I

**(Restitution/Unjust Enrichment on behalf of the Class)**

52. Defendant incorporates by reference its responses to the foregoing allegations, and by such reference hereby incorporates them herein.

53. Defendant denies the allegations set forth paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth paragraph 55 of the Complaint.

DEFENDANT MBLOX'S ANSWER AND
AFFIRMATIVE DEFENSES

## COUNT II

**(Tortious Interference with a Contract on behalf of the Class)**

56. Defendant incorporates by reference its responses to the foregoing allegations, and by such reference hereby incorporates them herein.

57. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 57 of the Complaint, and therefore denies those allegations.

58. Defendant denies the allegations set forth paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth paragraph 60 of the Complaint.

## COUNT III

**(Unlawful, Unfair and Deceptive Business Practices in Violation of California Business & Professions Code § 17200, et seq. on behalf of the Sub-Class)**

61. Defendant incorporates by reference its responses to the foregoing allegations, and by such reference hereby incorporates them herein.

62. The allegations of paragraph 62 of the Complaint are in the form of legal conclusions, to which no response is required. Defendant also responds that the Unfair Business Practices Act speaks for itself. To the extent a response may be required, Defendant denies the allegations of paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth paragraph 65 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, and the alleged claims for relief therein, fails to state a claim against Defendant upon which relief can be granted.

### Second Affirmative Defense

The Complaint, and the alleged claims for relief therein, is barred, in whole or in part, by the doctrine of waiver.

### Third Affirmative Defense

The Complaint, and the alleged claims for relief therein, is barred, in whole or in part, by the doctrine of unclean hands.

### Fourth Affirmative Defense

The Complaint, and the alleged claims for relief therein, is barred, in whole or in part, by the doctrine of estoppel.

### Fifth Affirmative Defense

The Complaint, and the alleged claims for relief therein, is barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

Defendant is informed and believes, and thereon alleges, that Plaintiff's injuries, losses, and/or damages, if any, were not caused by Defendant, but rather were caused partially or in whole by the fault of himself or a third party for which Defendant is not responsible.

### Seventh Affirmative Defense

Defendant alleges that Plaintiff has failed to join indispensable parties necessary for the just adjudication of this matter.

### Eighth Affirmative Defense

The Complaint, and the alleged claims for relief therein, is barred, in whole or in part, by the doctrine of accord and satisfaction.

### Ninth Affirmative Defense

The Complaint, and the alleged claims for relief therein, is barred, in whole or in part, because the claims have been released.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the pertinent status of limitations, including, but not limited to, California Code of Civil Procedure §§ 335.1, 337(a), 337(2), 337(3), 338(a), 339(1), 339(3) and 343, and the pertinent limitation periods (whether by common law or statute) of the United States and of each state in which any of the alleged claims of Plaintiff, the putative class members and the putative subclass members arose. Defendant reserves the right to seek leave to amend this paragraph to state additional

affirmative defenses, if and when, for example, this Court issues any Order regarding class certification and/or otherwise recognizes the claims of any person other than the named plaintiff herein.

<u>Eleventh Affirmative Defense</u>

The Complaint, and the alleged claims for relief therein, is barred, in whole or in part, because Plaintiff failed to mitigate damages he allegedly suffered.

<u>Twelfth Affirmative Defense</u>

The Complaint, and the alleged claims for relief therein, is barred, in whole or in part, by the doctrine of election of remedies.

<u>Thirteenth Affirmative Defense</u>

The Complaint, and the alleged claims for relief therein, is barred, in whole or in part, by the voluntary payment doctrine.

<u>Fourteenth Affirmative Defense</u>

The Complaint, and the alleged claims for relief therein, is barred, in whole or in part, because Defendant's performance of its obligations, if any, was excused or prevented by the Plaintiff and the alleged class and subclass members' conduct and/or the conduct of third parties, and the prior material breach of their obligations.

<u>Fifteenth Affirmative Defense</u>

The Complaint, and the alleged claims for relief therein, is barred, in whole or in part, because Plaintiff and the alleged class and subclass members have not suffered any injury or damage (monetary or otherwise) as a result of any action taken by Defendant.

<u>Sixteenth Affirmative Defense</u>

The Complaint, and the alleged claims for relief therein, is barred, in whole or in part, by the application of the economic loss doctrine.

<u>Seventeenth Affirmative Defense</u>

With respect to each and every allegation of the Complaint as they related to the request for class certification, class certification is not appropriate because there is a lack of:

(a) numerosity;

(b) commonality or community of interest;

(c)    typicality;

(d)    a reasonably ascertainable class;

(e)    adequate representation;

(f)    appropriateness of relief to the putative class a whole;

(g)    predominance of common questions over questions affecting individual class members;

(h)    substantial benefit to the litigants and the Court;

(i)    superiority of a class action to other available methods for fair and efficient adjudication;

(j)    impracticality of joinder of all putative class members.

<u>Eighteenth Affirmative Defense</u>

Putative class members have the ability to prosecute individual actions.

<u>Nineteenth Affirmative Defense</u>

The Complaint, and the alleged claims for relief therein, is barred, in whole or in part, because Plaintiff consented to the acts and omissions of which he now complain.

<u>Twentieth Affirmative Defense</u>

Plaintiff and the alleged class and subclass members' claims for equitable relief, including their claims for restitution and injunction, are barred because plaintiff, members of the putative class and subclass have an adequate remedy at law.

WHEREFORE, Defendant mBlox prays for entry of judgment as follows:

1)    That the Complaint be dismissed in its entirety with prejudice;

2)    That Plaintiff take nothing by way of the Complaint;

3)    That Defendant mBlox recovers its costs; and

4)    For such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Defendant mBlox demands trial by jury on all claims so triable.

|     |     |
| --- | --- |
|     | Respectfully submitted, |
| Dated: December 17, 2007 | WILDMAN, HARROLD, ALLEN & DIXON |
|     | By:  /s/    *Chung-Han Lee* |
|     |         Chung-Han Lee |

Craig M. White (*Pro Hac Vice*)
Brent R. Austin (SBN 141938)
Chung-Han Lee (SBN 231950)
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606
Telephone:    (312) 201-2000
Facsimile:    (312) 201-2555

Jeffrey L. Fillerup (SBN 120543)
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone:    (415) 356-4600
Facsimile:    (415) 356-4610

Attorney for Defendant MBLOX, INC.