1  Craig M. White (*Pro Hac Vice*)
   Brent R. Austin (SBN 141938 inactive)
2  Chung-Han Lee (SBN 231950)
   WILDMAN, HARROLD, ALLEN & DIXON, LLP
3  225 West Wacker Drive, Suite 2800
   Chicago, Illinois 60606
4  Telephone: 312-201-2000
   Fax No: 312-201-2555
5  E-mail: white@wildman.com
            chunglee@wildman.com
6
   Jeffrey L. Fillerup (SBN 120543)
7  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   Rincon Center II, 121 Spear Street, Suite 200
8  San Francisco, California 94105-1582
   Telephone: 415-356-4600
9  Fax No: 415-356-4610
   E-mail: jfillerup@luce.com
10
11 Attorneys for Defendant mBlox, Inc.

12                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
13

14

15 RUSSELL BRADBERRY, individually and on          Case No. **07-CV-05298 CW**
   behalf of a class of similarly situated individuals,
16                                                   **CERTIFICATE OF SERVICE**
17        Plaintiff,

18 vs.

19 mBLOX, INC. a Delaware corporation,

20        Defendant.

21

22     I, Cheryl Cormier, declare as follows:

23     I am employed with the law firm of Luce Forward Hamilton & Scripps, LLP, whose

24 address is 121 Spear St., Ste. 200, San Francisco, CA 94105.  I am readily familiar with the

25 business practices of this office for collection and processing of correspondence for mailing with

26 the United States Postal Service; I am over the age of eighteen years, and am not a party to this

27 action.

28     On January 7, 2008, I served the following:

                                        1                    Case No. 07-CV-05298 CW
                                                             CERTIFICATE OF SERVICE

**CASE MANAGEMENT SCHEDULING ORDER FOR REASSIGNED CIVIL CASE**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

[X]    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Luce, Forward, Hamilton & Scripps LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[X]    **ELECTRONIC TRANSMISSION**: I declare that a copy of said document(s) was filed electronically on the above date through the ECF system for the United States District Court, Northern District of California and to the best of my knowledge notice of this filing will be transmitted to all parties through the Court's ECF system.

[X]    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on January 7, 2008.

Cheryl Cormier

2

1

**SERVICE LIST**

2
Terry M. Gordon
LAW OFFICE OF TERRY M. GORDON
3
Three Harbor Dr., Ste. 317
Sausalito, CA 94965
4
Telephone:  415-331-3601
Facsimile:  415-331-1225
5
E-Mail:  tgordon@tgordonlaw.com

6
*Attorneys for Plaintiff Russell Bradberry*
7

8
John Blim
Jay Edelson
9
Myles P. McGuire
53 West Jackson Boulevard
10
Suite 1642
Chicago, IL 60604
11
(312) 913-9400
(312) 913-9401 (fax)
12
E-Mail:  john@blimlaw.com
13
        jay@blimlaw.com
        myles@blimlaw.com
14

15
*Attorneys for Plaintiff Russell Bradberry*

16
Bryan G. Kolton
John G. Jacobs
17
The Jacobs Law Firm, Chtd.
122 South Michigan Avenue, Ste. 1850
18
Chicago, IL 60603
Telephone: 312-427-4000
19
Facsimile: 312-427-1850
E-Mail:  bgkolton@thejacobslawfirm.com
20
        jgjacobs@thejacobslawfirm.com
21

*Attorneys for Plaintiff Russell Bradberry*
22

23

24

25

26

27

28

3

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10                                              No. C 07-05298 CW
   BRADBERRY,
11                                              CASE MANAGEMENT
            Plaintiff,                          SCHEDULING ORDER FOR
12                                              REASSIGNED CIVIL
       v.                                       CASE
13
   MBLOX, INC.,
14
            Defendant.
15   _____/

16

17        This action having been reassigned to the undersigned judge,

18        IT IS HEREBY ORDERED that a Case Management Conference will be

19   held on **February 19, 2008, at 2:00 p.m.** in Courtroom 2, 4th Floor,

20   1301 Clay Street, Oakland, CA 94612. Pursuant to Civil L.R. 16-9(a),

21   a joint Case Management Statement will be due seven (7) days prior to

22   the conference.

23        Removing Defendant is directed to serve a copy of this Order at

24   once on all parties to this action in accordance with the provisions

25   of Rule 5 of the Federal Rules of Civil Procedure.  Following service,

26   the party causing the service shall file a certificate of service with

27   the Clerk of Court.

28        This case has been designated for the Court's Electronic Case

Filing (ECF) Program.  Pursuant to General Order 45, each attorney of record is obligated to become an ECF user and be assigned a user ID and password for access to the system.  All documents required to be filed with the Clerk shall be filed electronically on the ECF website, except as provided otherwise in section VII of General Order 45 or authorized otherwise by the court.

IT IS SO ORDERED.


Dated:  December 4, 2007

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE


(Rev. 10/10/07)

1

2

3

<u>NOTICE</u>

4

**Case Management Conferences and Pretrial Conferences** are
conducted on **Tuesdays** at 2:00 p.m. **Criminal Law and Motion** calendar
is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and
2:30 p.m. for defendants not in custody. **Civil Law and Motion**
calendar is conducted on **Thursdays** at 2:00 p.m. Order of call is
determined by the Court. Counsel need not reserve a hearing date for
civil motions; however, counsel are advised to check the legal
newspapers or the Court's website at www.cand.uscourts.gov for
unavailable dates.

Motions for Summary Judgment: All issues shall be contained
within one motion of 25 pages or less, made on 35 days notice. (<u>See</u>
Civil L.R. 7-2). Separate statements of undisputed facts in support
of or in opposition to motions for summary judgment will not be
considered by the Court. (<u>See</u> Civil Local Rule 56-2(a)). The motion
and opposition should include a statement of facts supported by
citations to the declarations filed with respect to the motion.
Evidentiary and procedural objections shall be contained within the
motion, opposition or reply; separate motions to strike will not be
considered by the Court. Any cross-motion shall be contained within
the opposition to any motion for summary judgment, shall contain 25
pages or less, and shall be filed 21 days before the hearing. The
reply to a motion may contain up to 15 pages, shall include the
opposition to any cross-motion, and shall be filed 14 days before the
hearing. (<u>See</u> Civil Local Rule 7-3). The Court may, *sua sponte* or
pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so
as to give a moving party time to file a reply to any cross-motion.

All discovery motions are referred to a Magistrate Judge to be
heard and considered at the convenience of his/her calendar. All such
matters shall be noticed by the moving party for hearing on the
assigned Magistrate Judge's regular law and motion calendar, or
pursuant to that Judge's procedures.

Pursuant to General Order 45,§ VI.G, "In all cases subject to
ECF, in addition to filing papers electronically, the parties are
required to lodge for chambers **no later than noon on the business day
following the day that the papers are filed electronically,** one paper
copy of each document that is filed electronically."

(rev. 10/10/07)

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.