TERRY M. GORDON (SBN 75604)
LAW OFFICES OF TERRY M. GORDON
Three Harbor Drive, Suite 317
Sausalito, California 94965
Telephone: (415) 331-3601
Facsimile: (415) 331-1225

Attorneys for PLAINTIFF RUSSELL BRADBERRY
(Additional Attorneys listed on signature pages)

Craig M. White (admitted *Pro Hac Vice*)
Brent R. Austin (SBN 141938)
Chung-Han Lee (SBN 231950)
WILDMAN, HARROLD, ALLEN & DIXON, LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois  60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

Jeffrey L. Fillerup (SBN 120543)
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone:  (415) 356-4600
Facsimile:  (415) 356-4610
E-mail:  jfillerup@luce.com

Attorneys for Defendant MBLOX, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| RUSSELL BRADBERRY, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>vs.<br><br>MBLOX, INC., a Delaware corporation,<br><br>    Defendant. | Case No. C-07-5298 (CW)<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:      April 15, 2008<br>Time:      2:00 p.m.<br>Judge:     The Honorable Claudia Wilkens<br>Courtroom: 2, 4th Floor, Oakland |

Plaintiff RUSSELL BRADBERRY ("Plaintiff" or "Bradberry"), individually and on behalf of a

class of similarly situated individuals, and Defendant MBLOX, INC. ("Defendant" or "mBlox"), hereby

submit their Joint Case Management Conference Statement as follows:

1

1     **1.    Jurisdiction and Service:**

2         The Court has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act

3     of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1453. Plaintiff had initially filed a motion to remand claiming

4     that the amount in controversy did not exceed the jurisdictional minimum under CAFA, but Plaintiff has

5     since withdrawn the motion for remand based on Defendant mBlox's opposition to the motion to

6     remand providing a factual basis supporting the jurisdictional minimum. There are no issues regarding

7     personal jurisdiction or venue, and there are no parties that remain to be served at this time.

8         **2.    Facts:**

9         Plaintiff Bradberry alleges in the Complaint that he purchased a new cell phone and phone

10    service from T-Mobile in November, 2005. Bradberry claims that he was provided with a recycled

11    "dirty" phone number – a phone number with preexisting obligations, encumbrances and billing

12    arrangements for products and services provided by Defendant that were authorized to be purchased, if

13    at all, by the previous owner(s) and/or user(s) of that number. Bradberry alleges that he received

14    unwanted "premium" text message calls on a near daily basis from defendant mBlox and/or mBlox's

15    client Cellfish Media, LLC. Bradberry claims that he did not authorize T-Mobile, mBlox or anyone else

16    to bill him for those charges. Plaintiffs' Complaint asserts three causes of action against defendant

17    mBlox: (1) Restitution/Unjust Enrichment; (2) Tortious Interference with a Contract; and (3) Unlawful,

18    Unfair and Deceptive Business Practices in Violation of California Business & Professions Code §

19    17200.

20         Defendant denies that it is responsible or liable for the alleged unauthorized charges on

21    Bradberry's cell phone bill. Unlike T-Mobile and mobile content providers such as Cellfish Media,

22    LLC, mBlox does not have a contractual relationship with Plaintiff Bradberry, has no record or

23    information whatsoever relating to the Plaintiff, has never directly contacted Plaintiff, and has no direct

24    relationship with the Plaintiff. Furthermore, mBlox does not control how, whether, and to what extent

25    T-Mobile charges Plaintiff Bradberry for cell phone services or text messaging services. Therefore,

26    Defendant mBlox denies that it is liable to Plaintiff Bradberry under any cause of action.

27         **3.    Legal and Factual Issues:**

28         a)    Whether mBlox has systematically, repeatedly and knowingly engaged in the scheme

1    regarding unauthorized charges as alleged in Bradberry's Complaint.

2        b)    Whether Bradberry was charged for multiple unwanted and unauthorized "premium"

3    services.

4        c)    Whether the purported authorizations for charges on Bradberry's bill was obtained from

5    him.

6        d)    Whether mBlox is responsible for any purported unauthorized charges.

7        e)    Whether this action satisfies the prerequisites to a class action and/or whether it is

8    maintainable as a class action, including Bradberry's ability to act as an adequate class representative.

9        f)    Whether mBlox was unjustly enriched as alleged in Bradberry's Complaint.

10       g)    Whether Bradberry is entitled to restitution as alleged in Bradberry's Complaint.

11       h)    Whether mBlox tortiously interfered with a contract between Bradberry and T-Mobile.

12       i)    Whether mBlox has violated California Business & Professions Code § 17200.

13       j)    Whether, and to what extent Bradberry and/or the alleged class is entitled to, or has

14    suffered, any damages.

15       k)    Whether, and to what extent, Bradberry and/or the alleged class is entitled to attorney's

16    fees, interest, and/or injunctive relief.

17       l)    Whether Bradberry received a refund for any alleged unauthorized charges.

18    **4.    Motions:**

19        Plaintiff had initially filed a motion to remand claiming that the amount in controversy did not

20    exceed the jurisdictional minimum under CAFA, but Plaintiff has since withdrawn the motion to remand

21    based on Defendant mBlox's opposition to the motion for remand providing a factual basis supporting

22    the jurisdictional minimum.  In addition, Defendant mBlox had previously move to consolidate this case

23    with *Bradberry v. T-Mobile USA, Inc.*, Case No. C-06-6567 (CW).  The Court denied without prejudice

24    Defendant's motion to consolidate in an Order dated December 6, 2007.

25        The parties anticipate that there will be motions for class certification and motions for summary

26    judgment or partial summary judgment filed in this case.

27    **5.    Amendment of Pleadings:**

28        Plaintiff Bradberry does not expect to add any additional claims or parties.  Defendant is

3

currently evaluating potential contribution and indemnity claims against additional third-party defendants, such as mobile content providers or wireless carriers. Defendant proposes that the deadline for amending the pleadings be set for June 2, 2008.

**6.    Evidence Preservation:**

Defendant mBlox has suspended its document destruction program and has placed a litigation hold on all paper and electronic documents relevant to these proceedings.

**7.    Disclosures:**

The parties have agreed to exchange the disclosures required by Federal Rule of Civil Procedure 26 after the consolidated Case Management Conference on or before May 1, 2008.

**8.    Discovery:**

The parties have not engaged in any formal discovery to date. The parties anticipate written and oral discovery as well as the need for expert discovery. The parties estimate that they will need four (4) months to complete class discovery, and another eight to twelve months to complete merits discovery. The parties have not agreed to any limitations or modifications of the discovery rules. The parties propose the discovery schedule outlined in Item 17 below.

**9.    Class Actions:**

This case is a class action. The parties anticipate that there will be limited class discovery and a motion for class certification. The parties propose that the deadline for the filing of class certification motions be set for August 29, 2008.

**10.    Related Cases:**

This case is related to *Bradberry v. T-Mobile USA, Inc.*, Case No. C-06-6567 (CW), *Jiran v. mBlox, Inc., et al.*, Case No. 08-0013 (SI); *Pishavee v. m-Qube, Inc., et al.*, Case No. 07-3407 (JW); and *Valdez v. m-Qube, Inc., et al.*, Case No. 07-6496 (SI).

**11.    Relief:**

In his Complaint, Plaintiff seek the following relief: (a) certify this case as a class action on behalf of the Classes as defined in the Complaint and appoint Russell Bradberry Class Representative, and appoint Jay Edelson and John G. Jacobs, as co-lead counsel (b) declare that the actions of Defendants, as set out in the Complaint, constitute unjust enrichment, tortious interference with a

4

contract, and are in violation of California Business and Professions Code § 17200; (c) enter judgment against Defendant for all economic, monetary, actual, consequential and compensatory damages caused by Defendant's conduct, and if their conduct is proved willful award Plaintiff and the classes exemplary damages; (d) award Plaintiff and the Classes reasonable costs and attorney's fees; (e) award Plaintiff and the Classes pre- and post-judgment interest; (f) enter judgment for injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiff and the Classes; and (g) award such other further relief as equity and justice may require.

Defendant mBlox denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any of the requested relief.  To the extent liability is established at trial, defendant mBlox states that mBlox should be liable only for its fair and proportionate share of damages suffered by the Plaintiff or only to the extent that mBlox was unjustly enriched as alleged in Plaintiff's Complaint.

**12.    Settlement and ADR:**

The parties have engaged in preliminary settlement negotiations following the filing of the Complaint and have been engaged in ongoing discussions regarding the status of the current case and other related cases.  The parties have agreed to participate in private mediation with a mediator to be determined by agreement of the parties.

**13.    Consent to Magistrate Judge For All Purposes:**

The parties do not consent to a Magistrate Judge conducting all further proceedings.

**14.    Other References:**

The parties do not see a need for any other reference to binding arbitration, special master or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues:**

The parties anticipate that motions for summary judgment or partial summary judgment may be appropriate to narrow the issues, claims, and defenses in the case.

**16.    Expedited Schedule:**

The parties do not see the for any expedited or streamlined procedures in this case.

### 17.  Scheduling:

The parties believe the scope of the case may be materially impacted by whether a proposed class is certified.  Plaintiff anticipates moving for class certification, and defendant is considering a motion to strike the class allegations as unsustainable on the facts and law.  The class issues will call for the presentation of evidence, likely including expert testimony.  The resolution of the class issues may have a significant impact on the scope of the case.  Thus, the following schedule is proposed:

Fact discovery directed to class issues to be completed by July 31, 2008.

Plaintiffs' expert report(s) on class issues (if any) due by August 30, 2008.

Depositions of Plaintiffs' class experts (if any) to be completed by October 1, 2008.

Defendants' expert report(s) on class issues (if any) due by November 1, 2008.

Depositions of Defendants' class experts (if any) to be completed by December 1, 2008.

Plaintiff's Memorandum of Law in Support of Class Certification, along with any and all supporting evidence due by  January 15, 2009.

Defendant's Memorandum in Opposition to Class Certification, along with any and all supporting evidence due by February 15, 2008.

Plaintiff's Reply Brief due by March 15, 2008.

Class hearing to be set upon the Court's convenience.

The parties respectfully submit that setting a further pretrial schedule would be most efficient after the Court has issued its decision on class certification, and in consideration of whether either party appeals that decision pursuant to Fed. R. Civ. P. 23(f).  The parties thus propose that the court set a further status conference at the earliest time practicable after it has rendered its class decision.

The parties believe that setting deadlines for discovery and dispositive motions on the merits are premature before class certification is decided.  To the extent the Court wishes to set a schedule for discovery and dispositive motions on the merits, the parties propose the following schedule:

Fact discovery to be completed by August 1, 2009.

Plaintiff's Expert Reports due by September 1, 2009.

Defendant's Expert Reports due by October 1, 2009.

Expert discovery to be completed by November 1, 2009.

18.    **Trial:**

The parties have requested a jury trial. Plaintiff estimates that the trial will take 3 days. Defendant estimates that the trial will take two weeks.

19.    **Disclosure of Non-party Interested Entities or Persons:**

Defendant mBlox filed a Certificate of Interested Entities or Persons on October 25, 2007. Defendant mBlox restates the contents of its certification as follows

The following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: mBlox, Inc.; Scale Venture Partners; Duff Ackerman & Goodrich; Novus Ventures; Norwest Venture Partners; Trident Capital; AIG; Silicon Valley Bank; Andrew Bud; and Paul McGuire.

20.    **Other Matters:**

None.

Respectfully submitted,

Dated: April 8, 2008                    WILDMAN, HARROLD, ALLEN & DIXON LLP


By:    _/s/ Chung-Han Lee_____

Chung-Han Lee

Jeffrey L. Fillerup (SBN 120543)          Craig M. White (*pro hac vice*)
LUCE, FORWARD, HAMILTON & SCRIPPS          Brent R. Austin (SBN 141938)
 LLP                                       Chung-Han Lee (SBN 231950)
Rincon Center II, 121 Spear Street, Suite 200    WILDMAN, HARROLD, ALLEN & DIXON, LLP
San Francisco, California 94105-1582       225 West Wacker Drive, Suite 2800
Telephone:  (415) 356-4600                 Chicago, Illinois  60606
Facsimile:  (415) 356-4610                 Telephone: (312) 201-2000
E-mail:  jfillerup@luce.com                Facsimile: (312) 201-2555

                                           Attorneys for Defendant MBLOX, INC.

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1  Dated: April 8, 2008                          LAW OFFICES OF TERRY M. GORDON

2

3                                                By:    /s/ Terry M. Gordon

4                                                        Terry M. Gordon

5
                                                 Terry M. Gordon (SBN 75604)
6                                                LAW OFFICES OF TERRY M. GORDON
                                                 Three Harbors Drive, Suite 317
7                                                Sausalito, California 94965
                                                 Telephone: (415) 331-3601
8                                                Facsimile: (415) 331-1225

9                                                One of the Attorneys for Plaintiff RUSSELL
                                                 BRADBERRY
10

11                                               John G. Jacobs
                                                 Bryan G. Kolton
12                                               THE JACOBS LAW FIRM, CHTD
                                                 122 South Michigan Avenue, Suite 1850
13                                               Chicago, Illinois 60603
                                                 Telephone: (312) 427-4000
14                                               Facsimile: (312) 427-1850

15                                               Jay Edelson
                                                 Myles McGuire
16                                               BLIM & EDELSON
                                                 53 West Jackson Boulevard, Suite 1642
17                                               Chicago, Illinois 60604
                                                 Telephone: (312) 913-9400
18                                               Facsimile: (312) 913-9401

19                                               Attorneys for Plaintiff RUSSELL BRADBERRY

20

21

22

23

24

25

26

27

28

8